**Paul K. IMBLER, Petitioner-Appellee,**

v.

**STATE OF CALIFORNIA, Respondent-Appellant.**

No. 24884.

United States Court of Appeals, Ninth Circuit.

March 11, 1970.

Rehearing Denied May 5, 1970.

---

Thomas S. Karrigan, Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen. of California, Los Angeles, Cal., for appellant.

Roger S. Hamson, Woodland Hills, Cal., for appellee.

Before CHAMBERS, TUTTLE * and BROWNING, Circuit Judges.

PER CURIAM:

The district court ordered petitioner-appellee's application for habeas corpus granted unless the State instituted proceedings to retry petitioner within sixty days. Imbler v. Craven, 298 F.Supp. 795, 812 (C.D.Calif.1969). Respondent-appellant contends that the district court failed to give the factual findings of the state court (see In re Imbler, 60 Cal.2d 554, 35 Cal.Rptr. 293, 387 P.2d 6 (1963)), the weight to which they are entitled under 28 U.S.C. § 2254(d), as amended November 2, 1966, Pub.L. 89–711, § 2, 80 Stat. 1105.

The identical contention was advanced on petition for rehearing in the district court. It was rejected by the district court with this comment: "[T]here is no major dispute as to the basic facts involved in this case. The events that transpired at petitioner's trial are clear; the only controversy that exists is as to so-called mixed questions of law and fact, and the conclusions of law as to federal questions. While this court gives the state findings of 'pure' facts great weight where appropriate, it is not required to adopt them. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). As to most of such facts (that is, as to what actually happened at the trial), this court has accepted the state findings. It has not, and cannot, accept as binding the state court's conclusions as to mixed questions of law and fact and as to the legal consequences of those facts."

The district court's comment, so far as it went, accurately defined the court's obligation under 28 U.S.C. § 2254(d) to accept as presumptively correct the prior determination by the state court of a "factual issue."

As the Supreme Court said in Townsend v. Sain, 372 U.S. 293, 309 n. 6, 83 S.Ct. 745, 755 n. 6, 9 L.Ed.2d 770 (1963): "By 'issues of fact' we mean to refer to what are termed basic, primary, or historical facts: facts 'in the sense of a recital of external events and the credibility of their narrators * * *.' Brown v. Allen, 344 U.S. 443, 506, 73 S. Ct. 397, 446, 97 L.Ed. 469 (opinion of Mr. Justice Frankfurter). So-called mixed questions of fact and law, which require the application of a legal standard to the historical-fact determinations, are not facts in this sense." Section 2254(d) was drafted by a committee of the Judicial Conference of the United States composed of judges fully cognizant of this then-recent decision. See 1966 U.S. Code Cong. & Ad.News, pp. 3663, 3665. There is no reason to suppose that they used the term "factual issue" in any different sense in the legislation.

A close comparison of the opinions of the state court and the federal district court reveals that the court below accepted the "historical-fact determinations" of the state court but reached different conclusions than the state court in applying federal constitutional standards to those facts.

The judgment is affirmed.

The petition for rehearing is denied.

---

* Honorable Elbert P. Tuttle, United States Senior Circuit Judge of the Fifth Circuit, sitting by designation.