THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* PHILLIP MEEKS, Petitioner-Appellant.

(No. 59752; ▮)

First District (4th Division)—July 23, 1975.

Kenneth N. Flaxman, of Durham, North Carolina, and Thomas R. Meites, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Donald M. Devlin, Paul B. Linton, and William Kenny, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from an order of the circuit court dismissing a second petition for relief under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1971, ch. 38, pars. 122—1 *et seq.*). Defendant, Phillip Meeks, sought relief from his conviction on November 10, 1969, of one count of murder and three counts of aggravated battery. He was sentenced to serve a term of 30 to 60 years on the murder charge, 5 to 10 years on one count of aggravated battery, and 2 to 5 years on each of the other two counts of

aggravated battery, all sentences to run concurrently. On direct appeal to this court, the judgment was affirmed. *People v. Meeks,* 11 Ill.App.3d 973, 297 N.E.2d 705.

During the pendency of his appeal, defendant filed two collateral proceedings in the circuit court of Cook County and one such proceeding in the United States District Court for the Northern District of Illinois. Defendant first filed a pro se petition in the circuit court in the nature of a section 72 petition (Ill. Rev. Stat. 1971, ch. 110, par. 72) alleging newly discovered evidence. Thereafter, on February 25, 1971, defendant filed a pro se post-conviction petition (designated P.C. 2156) alleging that his conviction was obtained through the knowing use of perjured testimony. The public defender was appointed to represent him. Defendant objected to the appointment and expressed a desire to argue the matter pro se. To accommodate defendant, Judge L. Sheldon Brown entered an order on March 27, 1971, requiring that he be returned from the penitentiary so that he could represent himself on the two petitions. On May 5, 1971, defendant appeared before Judge Brown and the public defender was present to assist him. Rather than argue the merits of his petitions, defendant moved for a change of venue on the grounds that Judge Brown, who was the trial judge, was biased and a potential witness. In support thereof, defendant alleged that certain *in camera* conversations between the judge and the attorneys were held off the record at trial, and that Judge Brown could testify as to the contents of those conversations which might have prejudiced him. Defendant further presented an amended petition in which he alleged that the court showed favoritism to the State. Judge Brown granted his request for a change of venue and the cause was transferred to Judge Joseph A. Power, the presiding judge of the criminal court. Defendant was remanded to the penitentiary.

Prior to the hearing on the petitions, the Illinois Defender Project filed an appearance on behalf of defendant. Defendant objected to representation by the Project and leave to withdraw was filed by them. On October 14, 1971, Judge Power held a hearing on the section 72 petition and post-conviction petition 2156. Defendant was represented by the public defender. The State moved to dismiss the petitions and argued that all points raised in the petitions could have been raised on the then pending direct appeal, and that defendant failed to raise any valid constitutional issue. The court sustained the motion to dismiss.

It appears from the record that defendant did not receive timely notice of the dismissal order as required by Supreme Court Rule 651 (Ill. Rev. Stat. 1971, ch. 110A, par. 651). He did, however, receive statutory notice

on July 10, 1972. No appeal was taken from the dismissal of his petition; rather, defendant used the untimely notice as the basis for a civil rights action which he filed on August 23, 1972, in the United States District Court (Phillip Meeks v. Matthew J. Danaher). In his suit defendant alleged that the clerk of the circuit court knowingly withheld the required Rule 651 notice. The suit was dismissed on the ground that defendant had failed to exhaust State court remedies. The court based its decision on the belief that defendant could file a second post-conviction petition under the authority of *People v. Core*, 48 Ill.2d 544. The court noted that defendant should not be precluded from post-conviction relief by reason of the untimely Rule 651 notice.

After defendant's conviction was affirmed on appeal, he filed a second pro se post-conviction petition (designated P.C. 2575) in which he alleged that he had not received timely notice of either the State's motion to dismiss his first petition or the grant of that motion on October 14, 1971. He further alleged *inter alia* the knowing use of perjured testimony, the suppression by the State of favorable evidence, and the incompetency of trial counsel (his private counsel). Attached to the petition was a lengthy memorandum of law, and a request that the cause not be heard by two named judges. The public defender was appointed and filed an appearance on defendant's behalf. Defendant filed an objection to the appointment. The State moved to dismiss the petition on the grounds of res judicata and waiver because his previous petition had been heard and denied on October 14, 1971, and defendant never appealed the dismissal. On August 23, 1973, the court sustained the motion, noting that defendant could have filed a late notice of appeal.

On September 5, 1973, defendant filed a third post-conviction petition (designated P.C. 2632) which was in reality a petition for a rehearing on the dismissal of the former post-conviction petition 2575. The public defender was appointed to represent defendant. The case was called on October 11, 1973, and after argument by the attorneys, the petition was dismissed. Defendant then obtained volunteer counsel, and leave to file a late notice of appeal from the dismissal of post-conviction petition 2575 was granted by this court.

On this appeal defendant first contends that post-conviction petition 2575 is not barred by the doctrine of res judicata. He points out that in criminal cases notice of appeal must be filed within 30 days of final judgment (Supreme Court Rule 606(b), Ill. Rev. Stat. 1971, ch. 110A, par. 606(b)), and that leave to file late notice of appeal must be sought within 6 months thereafter (Supreme Court Rule 606(c), Ill. Rev. Stat. 1971, ch. 110A, par. 606(c)). Defendant argues that since notice of dis-

missal of his first petition was not transmitted to him until after the expiration of the time for perfection of an appeal, he should not be precluded from filing a second post-conviction petition.

■■ In *People v. Brown*, 54 Ill.2d 25, our supreme court held that a reviewing court may grant leave to appeal on motion supported by a showing of reasonable excuse for failure to file a timely notice of appeal. We can think of no better excuse than defendant's untimely receipt of the required Rule 651 notice. Thus, defendant did have the right to file a late notice of appeal. However, after receiving notice of judgment approximately 9 months after its entry, defendant chose not to appeal therefrom. We hold, therefore, that the order of dismissal entered on October 14, 1971, by the circuit court was a final order entitled to the doctrine of res judicata (Ill. Rev. Stat. 1971, ch. 38, par. 122—3), and that the dismissal of the subsequent post-conviction petitions on that ground was proper. We reject defendant's argument that this court lacked jurisdiction to entertain a late notice of appeal because defendant received notice after the 6 months allowed by Rule 606(c).

Assuming arguendo that the dismissal order was not a final judgment and the fundamental fairness requires that defendant not be precluded on this ground from filing a second post-conviction petition, we consider the remaining contentions of the parties. Defendant contends that without an evidentiary hearing it cannot be determined whether his conviction was obtained through the knowing use of perjured testimony, whether favorable evidence was suppressed by the State, and whether his private trial counsel was incompetent. The State counters that the defendant has waived his right to raise these matters in his second post-conviction petition because these are allegations that could have been raised on direct appeal. The State further submits that even if this be not true, defendant is not entitled to an evidentiary hearing on the grounds alleged in his petition.

■■ The purpose of a post-conviction hearing is to test the constitutional integrity of proceedings which result in a conviction and to provide a remedy to those persons whose substantial constitutional rights have been violated. It is not intended to provide a defendant with a second review of matters which have already been considered or could have been considered, since the piecemeal invocation of post-conviction remedies is to be discouraged. Thus, it is long settled that where a defendant has taken a direct appeal, he is barred from raising in subsequent post-conviction petitions all claims that were raised or could have been raised in his direct appeal. (*People v. Agnello*, 35 Ill.2d 611; *Ciucci v. People*, 21 Ill.2d 81.) A post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right. (*People v. Adams*, 22 Ill.App.3d

709, 318 N.E.2d 68.) Numerous recent Illinois decisions have established that a hearing is required only when a petition makes a substantial showing of a violation of constitutional rights. A nonmeritorious post-conviction petition may be dismissed without an evidentiary hearing on the basis of what is contained in the petition and what is revealed in the record of trial and other proceedings. *People v. Spicer,* 47 Ill.2d 114.

■■ Upon review of the record we hold that the allegations in defendant's post-conviction petition could have been raised on direct appeal, and are, therefore, waived. We further hold that these allegations are without support in the record and that the petition, therefore, was properly dismissed without an evidentiary hearing.

Defendant's allegation that his conviction was obtained through the knowing use of perjured testimony arises from purported inconsistencies between Detective Strahlman's testimony at the coroner's inquest and Police Officer Grabowski's testimony at trial. At the coroner's inquest Detective Strahlman testified that he had interviewed Officer Grabowski, one of the beat officers who arrived on the scene immediately after the shootings. Strahlman testified that Grabowski told him he made a search of the area and found a Colt revolver on the floor of the tavern. At trial, Grabowski testified that when he entered the tavern, he observed the tavern owner pick up a gun from the floor very close to where the defendant was being held and that the tavern owner gave the gun to him. Defendant claims that this inconsistency establishes the knowing use of perjured testimony. He argues that the jury was deceived into believing that defendant entered the tavern with two guns which jeopardized his defense that the second gun was held by someone else and that he shot in self-defense.

The record makes clear that the testimony at the coroner's inquest was available to both defendant and his trial counsel. Consequently, any basis for the perjured testimony allegation was known at the time of trial as well as at the time of direct appeal. In *People v. Hampton,* 18 Ill.App.3d 186, 309 N.E.2d 778, the defendant filed a post-conviction petition after his conviction had been affirmed on direct appeal. In his petition the defendant alleged that the arresting officer perjured himself at trial. The petition was dismissed without an evidentiary hearing. On appeal from the dismissal, the defendant argued that the petition required an evidentiary hearing. The court rejected this argument noting that all of the facts raised in the petition were available to the defendant and his attorney at trial, and that he could not then complain of any alleged perjury when it could have been proved at trial. See *People v. Orndoff,* 39 Ill.2d 96.

Assuming *arguendo* that the perjury allegation has not been waived,

defendant is still not entitled to an evidentiary hearing. The trial testimony does not support his conclusion that the State knowingly used perjured testimony. Officer Grabowski was not an eyewitness to the occurrence. He merely testified as to what he observed after the incident. Not a single witness at trial placed the second gun in the defendant's hands. In fact, most of them were unaware of the second gun. The facts as shown in defendant's direct appeal indicate that two pistols were given to the police by the tavern owner. One, a five-shot, .38-caliber revolver, had four expended cartridges and one live round in the cylinder. The other, a six-shot, .32-caliber revolver, had two live rounds and no expended cartridges in the cylinder. Defendant fired the .38-caliber revolver and a bullet from that gun killed Murray Mitchell. The tavern owner testified that he was outside the tavern when the shots were fired. The bartender told him that there was another gun on the floor. When he went to pick it up, the defendant, who had his foot on the gun, told him: "Don't bother, or I'll blow your brains out." In his direct appeal defendant contended that he was not proven guilty beyond a reasonable doubt. The appellate court rejected his claim of self-defense. There is no merit to defendant's argument. The facts do not suggest the use of perjured testimony, much less the knowing use of same. This is a clear case where the trial court was justified in dismissing a nonmeritorious allegation without an evidentiary hearing.

Defendant's allegation that favorable evidence was suppressed also arises from the transcript of the coroner's inquest. A review of that transcript indicates that Detective Strahlman obtained statements from two occurrence witnesses, James Johnson and O'Neil Fleming. Defendant claims that these statements were suppressed by the State. At trial defense counsel asked both witnesses if they had given statements to the police. Clearly, any basis for the suppression of evidence allegation was laid at trial, and defendant, having failed to raise this issue on direct appeal, cannot now object to the dismissal of his post-conviction petition without an evidentiary hearing. But even if the failure to raise this issue on direct appeal does not constitute a waiver, the question does not warrant an evidentiary hearing. A review of the coroner's inquest reveals that the detective testified that both of the aforementioned persons were interviewed at the hospital and gave an account of what occurred. He did not testify that he received a written statement from those persons. The State informed defense counsel that it did not have any written statement from Johnson; however, Johnson's grand jury testimony was tendered to the defense. Fleming testified that he had given a verbal statement to the police, but that it was not reduced to writing. We further note that at trial defense counsel represented to the court that the State

complied with all his pretrial motions. The facts do not indicate that the State suppressed anything, and since defendant's allegation is totally unsupported by the record, an evidentiary hearing is unnecessary. See *People v. Rosenborgh*, 21 Ill.App.3d 676, 315 N.E.2d 545.

Defendant cites *People v. Moses*, 11 Ill.2d 84, in support of his suppression contention. There the identification of the accused was crucial. At trial defense counsel had reason to believe that statements made to police by witnesses differed from their testimony. Two records consisting of reports by investigating police officers made on the day of the robbery were regarded by the trial court to be "interdepartmental records." The trial court concluded that since they were not public records, they were not subject to subpoena. It was held on appeal that the refusal to turn over those records was error. This case as well as others cited by defendant are clearly inapplicable on the facts.

■■ No contention was made on direct appeal that defendant's private trial counsel was incompetent. Nor are there any facts disclosed that would indicate such a possibility. The contention is as clearly waived as it is wholly without merit.

We are satisfied that the trial court was fully justified in dismissing defendant's second post-conviction petition without an evidentiary hearing. For the reasons stated above, the judgment is affirmed.

Judgment affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.