THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WARDELL WILLIAMS, Defendant-Appellant.
Fifth District   No. 77-573

Opinion filed December 29, 1978.

2

Michael J. Rosborough and Rafael Schwimmer, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Robert C. Perry, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

A jury in the circuit court of Madison County found the defendant, Wardell Williams, guilty of robbery, and he was sentenced to a term of imprisonment of not less than 3 nor more than 15 years. The defendant pursued a direct appeal which was unsuccessful. (*People v. Williams*, Docket No. 78-260, Nov. 15, 1978, filed pursuant to Supreme Court Rule 23 (Ill. Rev. Stat. 1977, ch. 110A, par. 23).) While that appeal was pending before this court, the defendant filed a post-conviction petition (section 122—1 *et seq.* of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*)) which is the focus of this opinion, contending that he received ineffective assistance of counsel at trial.

The defendant claimed that he was denied his right to effective assistance of counsel because a *per se* conflict of interest existed where his appointed counsel, the public defender, also represented the State's witness, Arthur Hudson, who was testifying against him. The defendant and Hudson were both represented by assistant public defenders from Madison County; however, Hudson was charged with an unrelated offense.

The State moved to dismiss the post-conviction petition on several grounds; one of which was that the defendant was precluded from asserting the issue for the first time in a collateral attack, because the conflicts issue could have been raised in his motion for a new trial.

Although no evidentiary hearing was conducted with respect to the defendant's petition, the trial court did receive a memorandum of law from each party, as well as affidavits which accompanied the defendant's petition.

J. William Lucco provided one of the affidavits. He stated that while an assistant public defender for Madison County he was appointed to represent Arthur Hudson on March 11, 1976, in a criminal charge unrelated to the defendant's prosecution. The defendant was also being represented by an assistant public defender from the same office. Four days later, Hudson appeared as a State's witness in the defendant's trial.

At trial the defendant took the stand and presented an alibi defense. Hudson's testimony, however, was inconsistent with the alibi. According to Hudson, he was approached by the defendant in a bar and was informed that his brother, Raymond Hudson, had just been involved in an armed robbery. Raymond appeared in the bar several minutes later and entered a washroom with the defendant. They emerged and walked over to Hudson, and Raymond handed him five $1 bills; meanwhile, the defendant asked Hudson to go to Duke's Bakery (the site of the robbery) and retrieve the defendant's automobile. Hudson was arrested as he attempted to drive the vehicle away which had been parked in front of the bakery. On the basis of Hudson's testimony, the State was able to introduce into evidence money found on Raymond which was linked to the scene of the crime and which had the defendant's fingerprint on it.

The defendant was found guilty of robbery on April 19, 1976. Hudson pleaded guilty to his unrelated charge of robbery on June 3, 1976, and was sentenced one month later.

On November 29, 1976, arguments were heard by the trial court concerning the defendant's post-conviction petition. No record of that hearing was made, and the petition was dismissed by order of the court a short time thereafter. In support of its order, the trial court relied on *People v. Meeks* (1st Dist. 1975), 31 Ill. App. 3d 396, 334 N.E.2d 253, for the proposition that because the defendant's direct appeal was presently pending, issues concerning ineffective assistance of counsel should have been presented on direct appeal. Moreover, the court ruled that the defendant had failed to show the existence of a conflict "to any extent prejudicial to the defendant." The defendant asserts that it was error for the trial court to dismiss the petition under either rationale. We hold that the latter ground upon which the court relied is dispositive of this cause; accordingly, we will only address ourselves to the matter of whether a *per se* conflict of interest existed. The sole issue before us, therefore, is whether the defendant was denied his constitutionally protected right to effective assistance of counsel because of a *per se* conflict of interest where the State's witness had been charged with an unrelated offense

pending at the time of trial and the witness and the defendant were both represented by assistant public defenders from the same office.

The defendant relies on *People v. Spicer* (5th Dist. 1978), 61 Ill. App. 3d 748, 378 N.E.2d 169, *appeal allowed* (1978), 71 Ill. 2d 613, in contending that a *per se* conflict of interest occurred where Hudson and the defendant were simultaneously represented by the public defender. The basis for this contention is that the conflicting loyalty of the public defender toward Hudson and the defendant and the information he received from Hudson under the attorney-client privilege operated to effectively limit his ability to cross-examine Hudson. Specifically, the defendant claims that loyalty and attorney-client privilege precluded the public defender from cross-examining Hudson as to a possible motive for testifying falsely. One motive could be a promise of leniency with respect to his pending charge if he cooperated in the prosecution of the defendant. The defendant also claims that loyalty and attorney-client privilege prevented the public defender from cross-examining Hudson as to his personal involvement in the instant case.

The defendant's contention presupposes that he and Hudson were represented simultaneously by the public defender, when in fact, they were represented by separate assistant public defenders. However, the defendant cites *People v. Spicer* and *People v. Meng* (5th Dist. 1977), 54 Ill. App. 3d 357, 369 N.E.2d 549, for the proposition that where a public defender is appointed to represent a defendant, it is the office of public defender which is appointed, and this representation is provided by the public defender personally or through his assistants. Therefore, the defendant concludes that because he and Hudson were both being represented by counsel from the same office, they were being represented, for purposes of the *per se* conflict rule, by one attorney.

The State argues that the defendant has failed to establish facts sufficient to constitute a *per se* conflict. The State maintains that the mere status of a witness and a defendant being represented by separate assistant public defenders is insufficient by itself to demonstrate disloyalty on the part of the defendant's counsel.

■■ The right of a defendant to have the undivided loyalty of his counsel is implicitly guaranteed under the sixth and fourteenth amendments. (*Glasser v. United States* (1942), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457.) "In Illinois, where a defense counsel's past or present commitments to others involves interests which potentially conflict with those of the defendant, a *per se* rule of reversal has been applied without the necessity of a showing of any actual prejudice resulting thereby. *People v. Stoval*, 40 Ill. 2d 109, 239 N.E.2d 441; *People v. Kester*, 66 Ill. 2d 162, 361 N.E.2d 569; *People v. Coslet*, 67 Ill. 2d 127, 364 N.E.2d 67." (*People v. Meng* (5th Dist. 1977), 54 Ill. App. 3d 357, 360, 369 N.E.2d 549,

551.) However, joint representation, alone, is insufficient to establish the possibility of a conflict through attorney disloyalty. (*Holloway v. Arkansas* (1978), 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173; *People v. Meng.*) The defendant has the burden of establishing additional facts which could support the inference that his counsel's commitment to another person potentially conflicted with his own interest. *People v. Simmons* (1978), 67 Ill. App. 3d 1045, 385 N.E.2d 758; *People v. Meng.*

We find unsuccessful the defendant's attempt at sustaining this burden by pointing to the status of Hudson as a State's witness. We are not confronted with a case where the defendant's counsel had an economic interest with a witness which was adverse to the defendant's interest (*People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441), nor are we dealing with a case where the conflict pertains to conflicting defenses among co-defendants (*People v. Baxtrom* (5th Dist. 1978), 61 Ill. App. 3d 546, 378 N.E.2d 182).

As we have already stated, the purpose of the *per se* rule of conflicts is to ensure that a defendant receives the undivided loyalty of his counsel. However, we fail to understand how a defense counsel's loyalty can be shaken to the point that he fails to conduct a thorough cross-examination of a State's witness simply because that witness was being represented by another assistant public defender on an unrelated charge.

Relying on *People v. Spicer*, the defendant claims that his defense counsel was unable to cross-examine Hudson as to a motive for lying on the stand and as to his involvement in the offense with which the defendant was charged, because it would require divulging information which was protected by attorney-client privilege. The defendant attempts to draw his counsel within the ambit of attorney-client privilege by contending that any information which Hudson relayed to his own counsel was automatically imputed to all other counsel in the public defender's office.

*Spicer* is distinguishable, however, because the witness in that case had been indicted with the defendant for the same offense, and he had been convicted prior to testifying for the State against the defendant; whereas, in the instant case, the representation afforded the State's witness concerned an unrelated charge. In a *Spicer* situation, due to the interrelationship of parties and events, it would be understandable for an assistant public defender representing one co-defendant to be privy to statements made by the other co-defendant to a different assistant public defender assigned to represent him. Under these circumstances it is reasonable to impute to one counsel the knowledge of the content of statements made by the other co-defendant to his own counsel. Therefore, cross-examination of a co-defendant would be hampered

because no inquiry could be made without violating attorney-client privilege as to any matters the co-defendant may have discussed with his counsel.

■■ Such is not the case here because Hudson was only charged with an unrelated offense. The above rationale for imputing other counsel in the public defender's office knowledge of statements made by a witness to an assistant public defender representing him would not apply where the witness was charged with an unrelated offense. Thus, because the defendant's counsel was not privy by way of imputation to statements made by Hudson to his counsel, he was unburdened in conducting a vigorous cross-examination of Hudson.

■■■ Aside from the status of the counsel representing the defendant and Hudson, the defendant has failed to demonstrate any additional facts which would suggest a possible conflict. Joint representation by counsel from the same public defender's office is insufficient by itself to constitute a conflict. (*People v. Berland* (1978), 74 Ill. 2d 286, 385 N.E.2d 649; *People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671; *Holloway v. Arkansas*.) "The defendants merely speculate and attempt to create a conflict of interest through conjecture as to what might have been shown. They point to no actual conflict, and the record reveals none. This court will not disturb a judgment on the basis of hypothetical conflicts." (*People v. Berland* (1978), 74 Ill. 2d 286, 301, 385 N.E.2d 649, 655.) For the foregoing reasons, we hold that there is no *per se* conflict of interest where a defendant and a State's witness, who is charged with an unrelated offense, are represented by separate counsel employed by the public defender's office, and no showing has been made of additional facts which would suggest that the defendant's counsel was committed to the witness in a manner which was potentially prejudicial to the defendant. Accordingly, we affirm the trial court's dismissal of the defendant's post-conviction petition.

Affirmed.

EBERSPACHER and KARNS, JJ., concur.