(No. 60530.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DOUGLAS CIHLAR, Appellee.

*Opinion filed February 6, 1986.*

214

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Joan S. Cherry, Michael E. Shabat and Patrick J. Foley, Assistant State's Attorneys, of counsel), for the People.

Dennis M. Doherty, of Chicago, for appellee.

JUSTICE WARD delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, Douglas Cihlar was found guilty of rape, burglary and home invasion and sentenced to six years in the penitentiary. The appellate court affirmed the conviction. (106 Ill. App. 3d 824.) Almost two years later the defendant filed a petition for relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1981, ch. 38, par. 122—1 *et seq.*) and a motion under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72) (now section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401)). Both were dismissed by the circuit court without an evidentiary hearing. The appellate court reversed the dismissals and remanded for an evidentiary hearing. (125 Ill. App. 3d 204.) We allowed the People's petition for leave to appeal under our

Rule 315 (94 Ill. 2d R. 315).

The circumstances of the crimes are reported in the appellate court's opinion (106 Ill. App. 3d 824), and it is unnecessary to restate them.

In his petition and motion the defendant stated that, only a short time before, he had located Ronda Balla, a former neighbor of the victim. She was prepared to testify that the victim told her a day or two after the crimes that her assailant had worn a pair of panties over his head, covering his features, and that he was able to see only through legs in the panties. In a statement accompanying the petition, she said the victim had compared it to a person's looking through binoculars. The petition stated that this testimony of Balla would be in direct conflict with the testimony of the victim, who at trial had stated that the assailant had worn the panties as a hairnet would be worn, and that they did not cover his face, so that she was able to identify the defendant in a lineup at the police station and also in court as her assailant. The petition stated, too, that shortly after the crimes Balla had changed her residence five times and had married and changed her name. When the petition and motion were called for hearing, the petitioner's attorney stated that in addition to the testimony of Balla he would offer that of Andrea Wilkens and Susie Wilkens. They were neighbors of the victim, who would testify, the attorney said, that shortly after the trial the victim made similar statements to them that contradicted her testimony. The petitioner was also proposing to call Marsha Londo to testify to statements the victim had made to her that differed from her testimony. Londo had testified at the trial, but simply to the effect that the victim had come to her reporting the attack and that she, Londo, had called the police. At a post-trial motion hearing, Londo had testified that the complainant had told her that the panties had covered the assailant's

face. This contradiction of the victim's testimony had not been before the jury. The petition also alleged that the Wilkens and another witness, who was out of the country, "were not available" to petitioner until after Ronda Balla had been located. The circuit court dismissed the petition and motion without an evidentiary hearing on the ground that the proposed testimony of Balla and the Wilkens would be only cumulative, duplicating the testimony of Marsha Londo at trial. The petitioner's attorney pointed out to the court that the new evidence would not be cumulative, as the jury had not been informed at trial of Londo's contradiction of the victim. Londo's differing testimony came to light only at the hearing before the court on the post-trial motion. The trial court replied that these statements of the attorney might be correct but that "[t]he jury believed the girl, and those twelve people, like I say, sitting as a composite, theoretically perfect person, their judgment is far better than mine. * * * I am saying the jury's verdict was a just one under the evidence and that's why it is."

The circuit court held that the defendant had had a fair trial, and the petition and motion were dismissed.

The design of the Post-Conviction Hearing Act is to provide a post-conviction remedy for violation of substantial constitutional rights at trial. (*People v. Agnello* (1966), 35 Ill. 2d 611, 613; *People v. Meeks* (1975), 31 Ill. App. 3d 396, 400; Ill. Rev. Stat. 1983, ch. 38, par. 122—1.) To establish a constitutional violation entitling a defendant to a review of his conviction, which here would be a violation of his right to due process of law, the defendant must show that there was action by the State inconsistent with fundamental principles of liberty and justice reflecting the community's sense of fair play and decency. (*People v. Cornille* (1983), 95 Ill. 2d 497, 508.) As we observed in *Cornille*, it has been long recognized that the deprivation of an individual's liberty based

upon false testimony is contrary to fundamental principles of fairness in a civilized society. (*People v. Cornille* (1983), 95 Ill. 2d 497, 509.) Here the testimony of the complainant identifying the defendant as her assailant was the only evidence connecting the defendant with the offenses. The defendant's claim that he was convicted on perjured testimony sufficiently alleged a violation of substantial constitutional rights.

The appellate court properly reversed the denial of an evidentiary hearing. It appears that the circuit court dismissed the petition and motion on the ground that the proposed testimony of the witnesses would be only cumulative, the court believing that Marsha Londo had testified before the jury that the victim had made statements to her that contradicted the victim's testimony. When the petitioner's attorney informed the court that Londo had not testified before the jury as to these contradictions but only at the post-trial hearing before the court, the court said that the attorney might be correct but that the jury's verdict was a just one under the evidence. This ignored the defendant's contention that the verdict was not just because it was founded on perjurious evidence. The defendant sought to challenge the testimony of the complainant through the testimony of witnesses, which testimony had not been before the jury and resulted, he claims, in a violation of his constitutional rights. Considering the allegations of the petition and motion, the circuit court should not have given conclusive deference to the jury's assessment of the victim's credibility.

The People point out that, since Londo testified at the post-trial motion hearing that the victim had told her that the attacker's face had been covered, the defendant could have raised the claim of being convicted on perjurious testimony on direct appeal. He did not do so, and the People assert that he should not be able to present

the question under the Post-Conviction Hearing Act. The People argue that the judgment of the reviewing court is *res judicata* as to all issues decided and issues which could have been presented to the reviewing court. (*People v. Beckham* (1970), 46 Ill. 2d 569, 571.) The People say that the issue could have been raised on appeal and that since it was not, it should be considered waived. This principle of waiver, however, will not be applied in post-conviction proceedings where fundamental fairness so requires. (*People v. Burns* (1979), 75 Ill. 2d 282, 290.) The following language of the appellate court summarizes why fundamental fairness requires that *res judicata* not be applied:

> "The circuit court based its dismissal of defendant's petition on the jury's assessment of the complainant's credibility; the court's reliance on the jury's finding, however, was apparently premised on the mistaken belief that her testimony had been directly contradicted at trial. It cannot be said that, had the jury heard a parade of witnesses testify to the inconsistent statement, its decision would have been the same. The instant case hinged entirely on the complainant's identification testimony implicating defendant. This is not a case, therefore, where defendant is not entitled to post-conviction relief because other ample evidence established his guilt. *People v. Moore* (1975), 60 Ill. 2d 379, 386, 327 N.E.2d 324." 125 Ill. App. 3d 204, 210-11.

Citing, *inter alia, People v. Frank* (1971), 48 Ill. 2d 500, the People also contend that the defendant must show a knowing use of perjured testimony which violated the right to due process. We consider that a knowing use can be shown from the sworn statement of Londo and her testimony at the hearing on the defendant's post-trial motion. In a statement appended to the post-trial motion, Londo said that prior to trial she had told a named assistant State's Attorney that the victim had told her that the assailant's face was covered by un-

derwear. She said that the assistant State's Attorney ignored her statement and said that the underwear was worn as a hairnet. Londo's statement included the assertion that after trial she had been interviewed by "two people" from the State's Attorney's office. She told them, too, that the victim had told the police that the attacker's face was covered, though at trial she had testified she was unable to hear the conversation between the victim and the police.

If there has been perjurious testimony at trial its falsity need not have been known personally by the prosecutor in order for there to have been a knowing use and a constitutional violation.

This court in *People v. Martin* (1970), 46 Ill. 2d 565, 567, stated: "[I]t matters not that the prosecuting attorney himself does not have knowledge of the falsity, inasmuch as 'the prosecution is charged with the knowledge of its agents including the police.' (*Imbler* [*v. Craven* (S.D. Cal. 1969), 298 F. Supp. 795, 806, *aff'd* (9th Cir. 1970), 424 F.2d 631].)"

The People cite *People v. Orndoff* (1968), 39 Ill. 2d 96, and state that the petition was properly dismissed because it did not allege a knowing use of perjured testimony and thus did not allege a constitutional violation. Considering that the trial record itself showed the claim of Londo to have told an assistant State's Attorney prior to trial of the victim's statement to her, the defendant's petition should not be defeated on what we consider would be, under the circumstances, a formalism. "We should not construe the statute *** so strictly that a fair hearing be denied and the purposes of the act defeated." *People v. Reeves* (1952), 412 Ill. 555, 560.

For the reasons given the judgment of the appellate court is affirmed.

*Judgment affirmed.*