THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TYRONE GUIDER, Defendant-Appellant.

First District (1st Division)   No. 1—87—2391

Opinion filed December 18, 1989.

Randolph N. Stone, Public Defender, of Chicago (Z. Peter Tokatlian, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Gael O'Brien, and Andrew LeFevour, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

Tyrone Guider, the defendant, brings this appeal from a dismissal of his post-conviction petition without an evidentiary hearing in the circuit court of Cook County. On January 20, 1982, the defendant entered a guilty plea to indictment No. 81—C—6679, charging him with armed robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—2), deviate sexual assault (Ill. Rev. Stat. 1981, ch. 38, par. 11—3(a)), home invasion (Ill. Rev. Stat. 1981, ch. 38, pars. 12—11(a)(1), (a)(2)), aggravated battery (Ill. Rev. Stat. 1981, ch. 38, par. 12—4(b)(1)) and armed violence (Ill. Rev. Stat. 1981, ch. 38, par. 33A—2). He also pled guilty to indictment No. 80—C—8924, which charged him with home invasion (Ill. Rev. Stat. 1981, ch. 38, pars. 12—11(a)(1), (a)(2)), armed violence (Ill. Rev. Stat. 1981, ch. 38, par. 33A—2), attempted murder, attempted rape, and attempted burglary (Ill. Rev. Stat. 1981, ch. 38, par. 8—4). The trial court sentenced the defendant to 20 years' imprisonment to be served concurrently.

On February 17, 1982, the defendant filed a motion to withdraw

his guilty pleas which was denied by the trial court. The defendant appealed that denial, and on November 1, 1982, we affirmed the defendant's conviction and sentence. (*People v. Guider* (1st Dist. 1982), No. 82—0508 (unpublished order under Supreme Court Rule 23) (hereinafter referred to as *Guider I*).) Thereafter, on November 8, 1985, the defendant filed a *pro se* petition for post-conviction relief, and the circuit court appointed counsel. A supplemental petition for post-conviction relief was presented to the trial court on July 15, 1987, alleging that the defendant's guilty pleas were coerced. This assertion is based upon his attorney's advice to him that, predicated upon the pending charges, he could be sentenced to 120 years' imprisonment under the applicable statutes. Defendant further alleged in his petition that, relative to indictment No. 81—C—6679, he was denied the effective assistance of counsel due to his attorney's failure to investigate an alibi defense.

On July 15, 1987, the trial court granted the State's motion to dismiss the petition for post-conviction relief without an evidentiary hearing on the grounds that the defendant had received extensive admonitions from Judge Suria, yet he persisted in his plea of guilty which was determined by Judge Suria to be voluntary. The defendant now appeals that dismissal under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). We affirm the judgment of the circuit court of Cook County.

The defendant argues that he was entitled to an evidentiary hearing, and the trial court erred in dismissing his petition since he was denied his due process rights to a fair trial guaranteed by the fourteenth amendment. He further argues that he was denied his sixth amendment right to effective assistance of counsel by virtue of his attorney's failure to investigate an alibi defense, resulting in a coerced guilty plea. He attempts to support these arguments with an assertion that, as to the charges contained in indictment No. 81—C—6679, on September 18, 1980, the date the incident occurred, he was working at the Matushita Industrial Company, his usual place of employment, and the employee time records would have established an alibi.

■ The State argues that the trial court properly dismissed defendant's post-conviction petition without an evidentiary hearing where the defendant failed to substantiate his ineffective assistance of counsel claim. We agree. It is well established that a proceeding under the Post-Conviction Hearing Act is not an appeal, *per se*, but a collateral attack on the judgment. (*People v. Caballero* (1989), 126 Ill. 2d 248, 258, 533 N.E.2d 1089; *People v. Owens* (1989), 129 Ill. 2d 303, 307; *People v. Albanese* (1988), 125 Ill. 2d 100, 104, 531 N.E.2d 17;

*People v. James* (1986), 111 Ill. 2d 283, 291, 489 N.E.2d 1350.) It is also well settled that a post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right, but only when his petition sets forth allegations supported by the trial record or by affidavit which makes a substantial showing that the defendant's constitutional rights have been violated. *Caballero,* 126 Ill. 2d at 258-59; *People v. Owens* (1989), 129 Ill. 2d 303, 308; *People v. Gaines* (1984), 105 Ill. 2d 79, 91-92, 473 N.E.2d 868.

The purpose of the post-conviction proceeding is not to determine the defendant's guilt or innocence. (*People v. Stewart* (1988), 123 Ill. 2d 368, 372, 528 N.E.2d 631; *Albanese,* 125 Ill. 2d at 104.) Instead, it is a proceeding limited by the doctrines of *res judicata* and waiver, which permit inquiry into the constitutional issues involving the original conviction that have not been previously adjudicated or could have been. (*People v. Stewart* (1988), 121 Ill. 2d 93, 97; *People v. Silagy* (1987), 116 Ill. 2d 357, 365, 507 N.E.2d 830.) Therefore, a reviewing court's judgment on a prior appeal is *res judicata* as to all issues actually decided, and any issue that could have been raised in a direct appeal before a court of review is thereafter barred under the waiver doctrine if not presented. (*Albanese,* 125 Ill. 2d at 105; *People v. Kubat* (1986), 114 Ill. 2d 424, 436, 501 N.E.2d 111; *Silagy,* 116 Ill. 2d at 365.) Moreover, relief is not granted under the Post-Conviction Hearing Act by the petitioner's rephrasing of issues in constitutional terms that have been previously raised in his petition. *Silagy,* 116 Ill. 2d at 371; *Gaines,* 105 Ill. 2d at 90.

In the present case, the defendant's argument that his guilty plea was involuntary in light of the information received from his attorney that he could be sentenced to 120 years' imprisonment was raised and decided in *Guider I.* Therefore, the doctrine of *res judicata* applies. In *Guider I* we rejected the defendant's claim that his plea was involuntary by specifically noting that "the record shows that defendant was admonished very comprehensively by the trial court and that his plea was made voluntarily and intelligently." Consequently, the issue concerning the voluntariness of the plea is barred. See *Stewart,* 123 Ill. 2d at 372-73.

The second issue raised by the defendant, that he was denied the effective assistance of counsel due to his attorney's failure to investigate an alibi defense, may also be deemed as waived since he raised that issue on his direct appeal. (*Kubat,* 114 Ill. 2d at 436; *Gaines,* 105 Ill. 2d at 88.) Specifically, in *Guider I* we noted that the record did not support the defendant's contention that his attorney failed to competently represent him. However, our supreme court has

frequently held that the doctrines of waiver and *res judicata* will not be applied in a post-conviction proceeding where such application would be fundamentally unfair. *Albanese*, 125 Ill. 2d at 106; *People v. Cihlar* (1986), 111 Ill. 2d 212, 218, 489 N.E.2d 859.

■■ ■ In light of our finding that waiver has occurred and *res judicata* applies, if we were to consider the defendant's claim under the doctrine of fundamental fairness, the result would be the same. The defendant contends that he was denied his sixth amendment right to the effective assistance of counsel by his attorney's failure to investigate an alibi defense regarding the charges contained in indictment No. 81—C—6679, and therefore, he is entitled to an evidentiary hearing. Defendant supports this contention with an assertion that on the date the incident occurred, he was working at the Matushita Industrial Company. In order for the defendant to establish his ineffective assistance of counsel claim, he must show that counsel's performance was so deficient that it fell below an objective standard of reasonableness and but for counsel's errors, the result of the proceedings would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068. *People v. Albanese* (1984), 104 Ill. 2d 504, 525, 473 N.E.2d 1246, *cert denied* (1985), 471 U.S. 1044, 85 L. Ed. 2d 335, 105 S. Ct. 2061.) In *Strickland v. Washington* the court further held: "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *** If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland v. Washington*, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069; *People v. Walker* (1985), 109 Ill. 2d 484, 504, 488 N.E.2d 529.

■■ ■ Our supreme court has recently held that in order for a defendant to establish prejudice, he must show, "not simply a possibility of prejudice, but that the claimed [prejudice] worked to his actual and substantial disadvantage." (*People v. Owens* (1989), 129 Ill. 2d 303, 318; *United States v. Frady* (1982), 456 U.S. 152, 170, 71 L. Ed. 2d 816, 832, 102 S. Ct. 1584, 1596.) In the present case, the defendant failed to show that the results of the proceedings would have been different had his alibi defense been further investigated. Moreover, he has failed to make a showing that he was substantially prejudiced by counsel's performance. Although defendant presented affidavits and records in support of indictment No. 81—C—6679 indicating that he worked 40 hours plus eight hours overtime for the week of September 18, 1980, his attendance records did not specifically indicate that he

was at work on September 18, 1980, during the time that the crime was committed, and he failed to produce any affidavits from co-workers to support his alibi. Furthermore, the defendant completely failed to present an alibi for indictment No. 80—8924, in which he was charged with home invasion, armed violence, attempted murder, and attempted rape for which the defendant received a sentence of 20 years' imprisonment to be served concurrently. Accordingly, we conclude that the defendant was not prejudiced by his counsel's failure to pursue his alibi defense. Therefore, his claim that he was denied the effective assistance of counsel must fail.

■■ ■ Defendant correctly asserts that before a guilty plea can be accepted, due process requires that it must be made knowingly, intelligently and voluntarily. (*Boykin v. Alabama* (1969), 395 U.S. 238, 245, 23 L. Ed. 2d 274, 280, 89 S. Ct. 1709, 1713; *People v. Hillenbrand* (1988), 121 Ill. 2d 537, 554, 521 N.E.2d 900.) However, where a defendant enters a plea based upon the advice of counsel, the voluntariness of the plea is dependant upon whether the advice given by counsel "was within the range of competence demanded of attorneys in criminal cases." (*Hill v. Lockhart* (1985), 474 U.S. 52, 56, 88 L. Ed. 2d 203, 208, 106 S. Ct. 366, 369, quoting *McMann v. Richardson* (1970), 397 U.S. 759, 771, 25 L. Ed. 2d 763, 773, 90 S. Ct. 1441, 1449.) In the instant case, the record reveals that the defendant's guilty plea was accepted by the trial court only after the defendant was properly admonished. Moreover, counsel's admonishment that the defendant could be sentenced to 120 years' imprisonment was statutorily correct. The defendant could have been sentenced to 125 years' imprisonment under indictment No. 81—C—6679. Deviate sexual assault, home invasion, armed robbery and armed violence are Class X felonies with each carrying sentences of not less than 6 years and not more than 30 years' imprisonment. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1.) The sentence for aggravated battery, a Class 3 felony, is not less than two years and not more than five years. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1.) Under indictment No. 80—C—8924, the defendant could have received a sentence of 110 years' imprisonment. Home invasion, armed violence and attempted murder are Class X felonies with each carrying sentences of not less than 6 years and not more then 30 years' imprisonment. The sentence for attempted rape, a Class 1 felony, is not less than 4 years and not more than 15 years' imprisonment and attempted burglary, a Class 3 felony, is not less than two years and not more than five years' imprisonment. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1.) Since the combined sentences as stated by counsel are within the statutory range, we cannot say that

the defendant's plea was involuntarily made nor can we say that he was prejudiced by counsel's admonishment.

Summary dismissals of nonmeritorious post-conviction petitions without an evidentiary hearing are permitted under the Post-Conviction Hearing Act. (*James,* 111 Ill. 2d at 292; *Silagy,* 116 Ill. 2d at 373.) Moreover, a determination by the trial court will not be overturned on review in a post-conviction proceeding unless the determination was manifestly erroneous. (*Albanese,* 125 Ill. 2d at 109; *People v. Griffin* (1985), 109 Ill. 2d 293, 303, 487 N.E.2d 599.) Upon a review of the record, we have concluded that the defendant's claims are not supported by the record and he has failed to make a substantial showing that his constitutional rights have been violated, entitling him to post-conviction relief. Furthermore, we cannot say that the trial court's denial of an evidentiary hearing on his claim was manifestly erroneous. Accordingly, we hold that the trial court properly dismissed the defendant's supplemental petition for post-conviction relief without an evidentiary hearing.

For the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY and O'CONNOR, JJ., concur.