THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOEL HICKOX, Defendant-Appellant.

Second District   No. 2—90—0095

Opinion filed April 27, 1992.—Modified on denial of rehearing June 15, 1992.

G. Joseph Weller and Beth Katz, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

Defendant, Joel Hickox, appeals the dismissal of his post-conviction petition without an evidentiary hearing. On appeal, he contends that his *pro se* petition, alleging that his convictions were based on perjured testimony, was sufficient to merit an evidentiary hearing.

The circuit court of Du Page County convicted defendant of two counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1989, ch. 38, par. 12—16(b)) and three counts of criminal sexual assault (Ill. Rev. Stat. 1989, ch. 38, par. 12—13(a)(3)). The victim was defendant's daughter, K., who was eight years old at the time of trial. The court sentenced defendant to 48 months' probation. On direct appeal, this court affirmed the convictions and sentence. *People v. Hickox* (1990), 197 Ill. App. 3d 205.

On December 27, 1989, defendant filed a *pro se* petition for post-conviction relief. The petition contains a number of vague, disjointed allegations of trial errors. The petition, however, does allege that defendant's convictions were based on perjured testimony. Attached to the petition is the affidavit of Barney Evans.

In the affidavit, Evans alleges that he is the husband of Joan Patricia Evans, who was formerly married to defendant and is the mother of the complaining witness. Evans further states that, on the night prior to trial, Evans:

> "[H]eard Joan my wife coaching, telling and having minor child of just seven years, [K.] recite the answers to trial questions. The responding answers were conditioned by [K.'s] mother whose deceitful allegations in the counts of aggravated criminal sexual abuse and criminal sexual assault *** against defendant Joel Hickox were fabricated as so witnessed to be by Barney J. Evans."

The second paragraph of the affidavit alleges that Evans "was not a co-conspirator" with his wife. Evans "remained unsure of what to do until a similar pattern developed against himself and son." K. told Evans that "her 'Mom told her *** she would teach her how to get anything she wanted from a man.'"

On January 3, 1990, the trial court dismissed the petition without appointing counsel for defendant or conducting an evidentiary hearing. The court found the petition to be patently without merit (see Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(a)(2)). Defendant filed a timely notice of appeal, and this court appointed the appellate defender to represent him on appeal.

On appeal, defendant contends that the allegations of perjury raised the possibility of a substantial denial of his constitutional rights so as to entitle him to the appointment of counsel and an evidentiary hearing. The State responds that the court correctly determined that the petition is vague and patently without merit and that, even if perjured testimony was used, defendant has not shown that the State was aware of the perjury.

The purpose of the Post-Conviction Hearing Act (the Act) is to provide a post-conviction remedy for violations of substantial constitutional rights at trial. (*People v. Cihlar* (1986), 111 Ill. 2d 212, 216.) A post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right; a hearing is allowed only if the petitioner makes a substantial showing of a constitutional violation and the allegations are supported by the record or affidavits. *People v. Del Vecchio* (1989), 129 Ill. 2d 265, 279.

■ It has long been recognized that the deprivation of an individual's liberty based upon false testimony is contrary to fundamental principles of fairness in a civilized society. (*Cihlar*, 111 Ill. 2d at 216-17; *People v. Griffin* (1992), 148 Ill. 2d 45 (Bilandic, J., concurring in part and dissenting in part).) Thus, an allegation of perjury may demonstrate a

violation of substantial rights (*Cihlar*, 111 Ill. 2d at 217), but alleged perjury does not always rise to the level of a constitutional violation. *Del Vecchio*, 129 Ill. 2d at 280.

The State contends that defendant's petition is too vague to allege adequately a constitutional violation. Furthermore, Barney Evans' affidavit demonstrates that he came forward only after charges similar to those in the instant case were levelled against him. According to the State, this "obvious animosity" between Barney and Joan Evans renders Barney Evans' allegations "incredible and unreliable."

The State cites *Del Vecchio* in support of its argument that defendant's petition is patently without merit. In *Del Vecchio*, defendant's affidavit did not directly show the use of perjured testimony, but only attempted to show that certain testimony at defendant's trial was inherently implausible. Moreover, the testimony, even if perjured, went only to a collateral matter and thus could not have been a critical factor in defendant's conviction. *Del Vecchio*, 129 Ill. 2d at 280-81.

*Del Vecchio* is distinguishable from the instant case. In this case, the allegations of perjury concern the testimony of the complaining witness. A fair reading of Evans' affidavit is that the complaining witness' entire testimony was completely fabricated at the direction of her mother. Unlike the testimony in *Del Vecchio*, this evidence was at the heart of the prosecution's case.

In *People v. Cihlar* (1986), 111 Ill. 2d 212, the supreme court affirmed the awarding of an evidentiary hearing on a post-conviction petition where defendant alleged that he had located a former neighbor of the victim who would substantially impeach her identification of defendant. The court found that defendant had alleged a substantial violation of his constitutional rights since the victim's identification was the only evidence tying defendant to the crime. *Cihlar*, 111 Ill. 2d at 217; see also *People v. Cornille* (1983), 95 Ill. 2d 497 (defendant entitled to new trial where critical State expert lied about his credentials).

Similarly, in the instant case, the victim's testimony was obviously critical; there was no physical or other evidence linking defendant to the sexual assaults. If in fact the victim's testimony was entirely fabricated by her mother, defendant was clearly deprived of a fair trial.

The State objects that defendant's petition is too vague to warrant relief. This objection begs the question. Part of the relief which defendant requests is the appointment of counsel to redraft the petition. We do not believe an important constitutional right should hinge on a *pro se* defendant's skills as a legal draftsman. That is why the Act provides for the appointment of counsel once a threshold showing has been made. See Ill. Rev. Stat. 1989, ch. 38, par. 122—4.

■ The State also contends that Barney Evans' affidavit demonstrates his antagonism toward Joan Evans and that this bias renders his testimony inherently unreliable. The State points out that Evans apparently came forward with this evidence only after similar charges of sexual abuse were made against him. While this fact might well give him a motive to lie, it also supports another inference. If believed, Barney Evans' testimony would show a pattern of preferring charges of sexual abuse by K. at the instance of Joan Evans. Thus, the same fact cited by the State to impeach Barney Evans might further support defendant's argument that the testimony against him was fabricated. Choosing from among conflicting inferences from the evidence is peculiarly a function of the trier of fact.

■ The State finally contends that, even if the petition adequately alleges the use of perjured testimony, it fails to allege that the State was aware of the perjury at the time of trial. It is generally true that only the knowing use of perjured testimony by the prosecution or its agents results in a constitutional violation. (See *Cihlar*, 111 Ill. 2d at 219.) However, the "State action" requirement has been relaxed in some cases, as where the State failed to investigate adequately the credentials of its witness. (See *Cornille*, 95 Ill. 2d at 514.) While the petition fails to allege specifically that the State knew of the alleged perjury, it is at least inferable from the allegations of the petition and affidavit that, if the complaining witness' testimony was substantially fabricated on the eve of trial, the State would be chargeable with knowledge of this fact. The State or its agents must have interviewed the witness prior to that time and would necessarily know if her testimony changed substantially. Once again, we do not believe that substantial constitutional rights should hinge on technicalities of legal draftsmanship by a *pro se* petitioner.

We emphasize that we make no determination regarding defendant's ultimate success on his petition. We hold only that, given the nature of the defendant's allegations of perjury, the trial court incorrectly dismissed the petition as patently without merit. Consequently, we remand the case for further consideration in accordance with sections 122—4 through 122—6 of the Act (Ill. Rev. Stat. 1989, ch. 38, pars. 122—4 through 122—6). See *People v. Rutkowski* (1992), 225 Ill. App. 3d 1065.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

DUNN and BOWMAN, JJ., concur.