**People of the State of Illinois, Plaintiff-Appellee, v. Richard J. Davis (Impleaded), Defendant-Appellant.**

**Gen. No. 50,716.**

First District, Third Division.

May 12, 1966.

Thomas J. Maloney, of Chicago (Richard H. Devine, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. James Gildea, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Richard Davis was indicted for the crime of theft and tried by a jury. He was found guilty and sentenced to the penitentiary for from three to eight years.

In this appeal he contends that he was not proven guilty beyond a reasonable doubt in that his identification was vague and uncertain. He also contends that the trial court erred in limiting the cross-examination of the witness who identified him.

About noontime on June 18, 1963, Hilliard Judis, a salesman of women's clothing, parked his light-colored, 1963 Ford automobile bearing a Florida license in a parking lot adjacent to a restaurant on the corner of Cicero and Peterson Avenues in Chicago. In the car were six navy blue bags containing clothing samples, two in the rear seat area and four in the trunk. Judis locked his car, went into the restaurant, ate lunch, came out and drove to his destination which was a fifteen minute drive from

the restaurant. Upon arriving there he discovered that the two grips in the back seat were missing. He immediately returned to the restaurant and there met and talked with James Grossman. He then checked the trunk of his car and found that the other bags were also gone.

Grossman had been using a telephone in a booth adjacent to the parking lot. He had observed a man transferring blue objects from a light-colored Ford automobile with a Florida license plate to a 1957 Chevrolet. Another man was sitting in this car. Grossman wrote down the license number of the Chevrolet and then went in the restaurant, spoke to the manager and ate lunch. Upon coming out he met Judis and a police officer. That night Grossman went to a police station and witnessed a lineup of seven or eight men. Among them he saw Davis, who was dressed differently than when he had seen him at noontime, and recognized him as the man he had seen removing the objects from the auto with the Florida license.

At the trial, in addition to the foregoing, Grossman testified that he had observed Davis for about two minutes, that he was wearing a blue, short-sleeved shirt and dark colored trousers, and that he was between the two cars which were about 70 feet away. Although at first he did not remember the exact description he had given to the police at the scene two years before the trial, he recalled on further examination a statement he had given which described the defendant as "about 30 years of age, approximately five feet ten tall, 190 pounds, dark hair and was wearing a blue knit polo shirt and dark trousers."

Police officer Herbert Blum testified that he went to the restaurant, talked to Judis and placed a radio message regarding the license number of the Chevrolet. Police detective Karl Mueller was assigned to investigate the theft and he found the license number belonged to

the defendant. He went to the address in Downers Grove given on the license application but Davis was not living there; he traced him to an address in Chicago. After waiting two hours Mueller saw a car passing by which answered the description he had. He followed the car and stopped it at a red light. The driver was Davis. Mueller's arrest slip described Davis as 6'1" tall and weighing 235 pounds.

Davis told Mueller that earlier in the day his automobile had been loaned to Joseph Frabotta. Frabotta was located and questioned. He said that he had used Davis' car to run some errands for 20 or 30 minutes around 1:00 o'clock that day. He said he could not remember what the errands were. Frabotta was indicted with Davis and they were tried together. Neither one took the witness stand. The only witness for Davis was a girl friend who had known him for five years and who testified his weight and height had not changed during that time. At the close of all the evidence the court found Frabotta not guilty.

 We do not agree with defendant's contention that his identification was vague and uncertain. Grossman's testimony was positive and credible. He had a good vantage point and an adequate opportunity for observing the defendant and he later was able to identify him, even though he was dressed differently, in a lineup of several men. The description and information he gave the police enabled them to trace the defendant and led directly to his arrest a few hours after the theft. The positive testimony of one credible witness is sufficient to sustain a conviction. People v. Soldat, 32 Ill2d 478, 207 NE2d 449 (1965); People v. Mack, 25 Ill2d 416, 185 NE 2d 154 (1962); People v. Tunstall, 17 Ill2d 160, 161 NE 2d 300 (1959). The difference between the defendant's weight and height as described by Grossman to the police and as given in the police arrest slip and stated by the defense witness, is not of crucial significance. Davis

was bending over and was reaching into the automobiles at the time Grossman saw him. The variation in the weight and height does not destroy the credibility of the eyewitness but only goes to the weight to be given his testimony. Minor imperfections in the descriptions were factors for the jury's determination. People v. Robinson, 30 Ill2d 437, 197 NE2d 45 (1964); People v. Morgan, 28 Ill2d 55, 190 NE2d 755 (1963).

 We also do not agree with the defendant that the cross-examination of Grossman, the sole identifying witness, was unduly limited by the court. We have examined the record and it is apparent that the cross-examination was particularly thorough. All the circumstances surrounding Grossman's observations at the scene and at the lineup were carefully gone into. The defendant makes much of the fact that initially Grossman did not remember the exact description he had given the police at the time of the theft, and the defendant complains that the court did not permit his counsel to go into this description. The fact that at the time of the trial Grossman did not remember the details of an oral unrecorded statement given by him two years earlier does not make his testimony unworthy of belief. People v. Brown, 16 Ill2d 482, 158 NE2d 579 (1959). He remembered making a written statement at the time of the showup and when questioned about this recalled the description he had given in that statement. The defendant's attorney on recross-examination asked him if this was the same description he had given the police in the parking lot of the restaurant. The court sustained an objection to the question. While we believe the question should have been permitted we find no substantial error in the court's ruling. The witness had stated on cross-examination that he did not remember exactly what he told the police at the restaurant but that he hoped the earlier and later statements were the same. The question asked on recross was repetitious, explora-

tory and without factual basis. The defense attorney at no time contended that he had proof that the two statements were contradictory or inconsistent.

The evidence established the defendant's guilt beyond a reasonable doubt and, since the record is free of prejudicial error, the conviction will be affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.