The People of the State of Illinois, Plaintiff-Appellee, v. Robert Calhoun et al., Defendants-Appellants.

(Nos. 54373, 54378 cons.;

First District—April 28, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Herbert Becker, Ronald P. Katz, and James Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Martin Moltz, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendants, Robert Calhoun and James Woodson, were jointly indicted for the crime of burglary. After a trial without a jury, they were convicted and each was sentenced to serve not less than two nor more than four years in the Illinois State Penitentiary.

The defendants contend that they were not identified beyond a reasonable doubt as the men who committed the burglary. The record shows that a hearing had been held on a motion to suppress confessions or statements made by defendant, Robert Calhoun and the motion was denied.

We first summarize the evidence presented at trial. Jesse Dixon, the complainant, testified that on April 16, 1968, at about 11:00 A.M., he and his wife left and locked their first floor apartment located at 607 East 80th Street in Chicago. When they returned at 8:30 P.M., he found that the front door had been pried open and that two television sets, a record player, two transistor radios, and a trench coat were missing. He

did not give permission to either of the defendants to enter the premises at any time.

Donald Crossley testified that he lived in an apartment on the second floor of the building in which the Dixons' resided. He left his apartment at about 2:45 P.M. on April 16, 1968. As he was going down the stairs he noticed that the door to the Dixons' apartment was slightly ajar. He proceeded to the vestibule where he saw a portable record player. He went out the door, and while he was standing on the landing outside the defendant James Woodson walked by him and said, "my wife and I are separated, she's going to be surprised when she gets home because all the stuff is going to be gone." He turned and saw another man come down the stairs and hand Woodson a portable television set. The two men passed him on the landing, and Woodson repeated what he had said earlier. The two men put the television in a 1960 or a 1961 Corvair and drove away in the car. He noted that the Corvair had a 1968 Illinois License plate numbered HN847. He did not get a good look at the second man's face, but he estimated that the other man was 5 feet 6 inches tall and weighed about 140 pounds. On cross-examination he testified that he told the police that Woodson was a 5 foot 8 or 9 inch Negro who weighed 170 to 180 pounds. He did not, however, consider himself a good judge of height. He noticed that Woodson had a mustache, but he did not inform the police of this fact.

Ernest Grissett, a detective in the Chicago Police Department, testified that he was assigned to investigate the burglary of the Dixons' apartment. He interviewed Donald Crossley who gave him a description of the burglars. He and his partner, Joseph Dawson, arrested the two defendants and two other persons on April 24, 1968, as the four entered the car bearing the license plate number given to them by Crossley. Woodson, at the time of his arrest, had a thick, good sized mustache. The four were taken to a police station. Calhoun, the owner of the Corvair, after being properly informed of his constitutional rights, first stated that he could not have been involved in the burglary since his car had been stolen from April 16 to April 22, 1968. He later admitted that his car had not been stolen and stated that he had been paid by a man to help move some things out of the apartment that had been burglarized. Detective Joseph Dawson corroborated Garrett's testimony.

A certified copy of an application for 1968 license plate number HN847, bearing the name of Robert Calhoun, which was authenticated and sealed by the Secretary of State, was introduced and received into evidence.

James Woodson denied that he burglarized the apartment of Jesse

Dixon and stated that on April 16, 1968, he was 6 feet 2½ inches tall and weighed 200 pounds. Robert Calhoun also denied that he burglarized the apartment of Jesse Dixon and stated that on April 16, 1968, he was 5 feet 9 inches tall and weighed 175 pounds.

It is contended that the defendants were not identified beyond a reasonable doubt as the burglars. As to the defendant, James Woodson, it is urged (1) that Crossley's identification is unworthy of belief because it was so vague, doubtful, uncertain, and inconsistent with his actual appearance, and (2) that Crossley's failure to inform the investigating officers of the mustache casts reasonable doubt upon the identification.

■ A positive identification by a single witness, if credible, is sufficient to support a finding or verdict of guilty. (*People v. Moore*, 42 Ill.2d 73, 246 N.E.2d 299.) Crossley had sufficient opportunity to see and observe Woodson. He saw Woodson walk past him on at least two occasions while he, Crossley, was standing on the landing outside the apartment building in mid-afternoon. Twice Woodson spoke to him briefly, and he was sufficiently suspicious of the circumstances that he noted the license number of the car in which Woodson and the other man left the premises.

■■ Crossley described Woodson as a 5 foot 8 or 9 inch tall Negro who weighed 170 to 180 pounds, while at trial Woodson testified on April 16, 1968, he weighed 200 pounds and was 6 feet 2½ inches tall. A slight variation in the height and weight description given to police does not necessarily destroy the credibility of an eye witness identification. The discrepancies only affect the weight to be given to the eye witness testimony. (*People v. Davis*, 70 Ill.App.2d 419, 218 N.E.2d 3.) Where, as here, the witness has had adequate opportunity to observe the accused, discrepancies of 6 inches in height and 20 or 30 pounds in weight are not such as to destroy the credibility of the identification.

■■ At trial, Crossley testified that Woodson had a mustache. He did not, however, inform the investigating police officers of this. The fact that a witness did not mention the mustache to the police must be considered in weighing the credibility of an identification. (See *People v. Charleston*, 115 Ill.App.2d 190, 253 N.E.2d 91.) Crossley had adequate opportunity to view the accused, the identification was positive and credible. In these circumstances we do not believe that the failure to mention the mustache to the police raises a reasonable doubt of the reliability of the identification. As stated in *People v. Denman*, 69 Ill.App.2d 306 at 311, 217 N.E.2d 457 at 459, "The fact that a general description was given to the police, and then embellished at trial is not sufficient to shake the identification where the trial court is convinced

that the witness had a good opportunity to observe the defendant and the witness is generally forthright and candid."

It is stressed that the defendant, Robert Calhoun, was not identified by any eye witness. Crossley estimated that the second man was 5 feet 6 inches tall and 140 pounds in weight, but he stated that he did not look at the second man's face. Calhoun testified at trial on April 16, 1968, he weighed 175 pounds and was 5 feet 9½ inches tall. Calhoun was the owner of the car which was parked in front of the burglarized premises and which was used for escape by the burglars. He was arrested while he was entering the car with Woodson. He initially told the police that his car had been stolen on the day in question, but he later admitted that the car had not been stolen. He then voluntarily told the detectives that he was at the burglarized premises to earn money from a friend who paid him to assist in moving out the television and other articles. The trial judge could have found from the evidence that Calhoun and Woodson were the two men who burglarized the Dixons' apartment. In a non-jury trial, it is the duty of the trial court to determine the credibility of the witnesses and the weight to be given to their testimony. Unless the evidence is so improbable or unsatisfactory as to leave a reasonable doubt of the defendant's guilt, the finding of the trial judge will not be disturbed. *People v. Reaves*, 24 Ill.2d 380, 183 N.E.2d 169.

We conclude that there was ample, competent evidence in this record to sustain the convictions. The judgments of the Circuit Court are, therefore, affirmed.

Judgments affirmed.

ADESKO, P. J., and DIERINGER, J., concur.