THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL PITTMAN, Defendant-Appellant.

First District (4th Division)    Nos. 77-721, 77-1019 cons.

Opinion filed July 13, 1978.

Michael Jay Green & Associates, of Chicago (Joel S. Ostrow, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, James S. Veldman, and William McC. Montgomery, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Following a bench trial, the defendant, Michael Pittman, was convicted of robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—1) and was sentenced to a term of 3 to 9 years. Defendant appeals contending: (1) that he was not found guilty beyond a reasonable doubt; and (2) that his sentence was excessive.

We affirm.

The record shows that on August 29, 1976, at approximately 9:30 p.m., the victim, Sylvia Donahue, arrived home in her car at 15300 Ashland, Harvey, Illinois. She testified that there was a street light on the corner of 153rd and Ashland, a porch light over the side door of her home, and that there were "lights sequential all around the house." All lights were on and she was able to see clearly. She got out of the car, held a bag of groceries in her left hand and a long-strapped shoulder bag in her right hand. Her handbag contained approximately $66, a calculator, a camera and a wallet. When she went to the side door of her home, a black man, whom she identified as defendant, suddenly appeared with a garment of some type over his right hand which he pushed into her left side. Defendant told her, "Don't say anything. This is a stick up. Give me your purse." She looked up in defendant's face, grabbed his hand and discovered that he did not have a gun. She told defendant that he did not have a gun, hoping that this would scare him away. Defendant then pulled on her purse, and she tried to hold him off. While they were tussling, he knocked her down and dragged her two or three feet across the ground until he wrested her purse from her. Defendant then fled to the front of her house and jumped into a gold or brown automobile which was driven by another party. She stated that she came to within two or three feet of this automobile. Thereafter, she went to a neighborhood filling station and called the police.

She stated further that she saw defendant's face clearly for a minute before she was knocked to the ground, and that he struggled with her for an additional 30 seconds to a minute. She testified that the total time that she observed defendant was about a minute and a half.

At trial she described her assailant as a male black, with a "natural," sideburns, a goatee and mustache, having very distinct eyes, like "cat eyes." She added that he was about 5 feet, 6 inches tall, and dark-complexioned. He was wearing a blue shirt with flowers on it and a pair of blue jeans at the time of the incident.

On September 1, 1976, she went to the Harvey police station and viewed about 100 pictures. Before selecting defendant's photograph, she went through the entire book because, she stated, she wanted to be positive. Immediately thereafter, another picture showing the defendant in a five-man lineup was handed to her, and she again identified the defendant.

Detective Terrence Simnick testified for the State that he knew the defendant and saw him a few days before the robbery wearing an "Afro" hairstyle, a goatee, mustache and facial hair. He was recalled as a defense witness and stated that the victim told him she was positive in her photographic identification of the defendant. However, the officer's report of his investigation did not indicate if she told him that defendant wore a goatee and sideburns. The report did state that she told him the defendant wore a blue shirt, but did not state that it was a blue-flowered shirt.

It was stipulated that if Officer Evans were called to testify his report would show the assailant's description to be 19 years of age, male Negro, 5 feet 10 inches tall, 138 pounds, black hair, brown eyes, dark skin and mustache, and that he wore a blue shirt and blue jeans. Following the closing argument, the defendant herein was found guilty of robbery.

Defendant contends that the discrepancies in the victim's description of her assailant, the fact that she could not be definite as to the color of her assailant's car, and the fact that she failed to notice his goatee and sideburns show that her identification of him as the assailant is insufficient to establish his guilt beyond a reasonable doubt. In addition, he maintains that the method of photographic identification conducted at the police station was suggestive because she only identified him tentatively until she saw the lineup photograph.

I

■■ When there is a positive identification by a single witness that is credible, it is sufficient to support a finding of guilt. (*People v. Mitchell* (1975), 34 Ill. App. 3d 311, 321, 340 N.E.2d 226.) Slight discrepancies in the description of the accused do not destroy the credibility of eyewitness

identification but only affect the weight to be given that testimony. (*People v. Calhoun* (1971), 132 Ill. App. 2d 665, 668, 270 N.E.2d 450; see also *People v. Sanders* (1976), 38 Ill. App. 3d 473, 348 N.E.2d 229.) Moreover, precise accuracy in describing facial features is unnecessary where the witness is certain about the identification. *People v. Chatman* (1975), 32 Ill. App. 3d 506, 511, 336 N.E.2d 153; *People v. Harrison* (1978), 57 Ill. App. 3d 9, 14-15, 372 N.E.2d 915.

■■ In the instant case, the victim was at all times positive in her identification of the defendant as her assailant, both at the police station and at trial. The record shows that she made a positive identification of the defendant from photographs contained in the book before she saw the lineup photograph. The trial court determined the credibility of the witnesses and weighed the evidence. Its finding of guilty will not be disturbed unless the evidence is so unreasonable, improbable and unsatisfactory as to leave a reasonable doubt as to defendant's guilt. Here, the complaining witness stated that she had a good opportunity to view the defendant's face for a minute and a half under adequate lighting conditions at the side of her house. (*People v. Harrison.*) The fact that the lighting was not as good from the front of the house when she followed as he ran toward the automobile that was waiting for him, does not impair her original observation of the defendant. After reviewing the record, we see no reason to question the trial court's finding of guilt.

## II

■■ Defendant next contends that his sentence of 3 to 9 years is excessive since he is a 19-year-old first offender. The trial court is normally the proper forum in which a suitable sentence is to be determined, and the trial court's decisions in regard to sentencing are entitled to great deference and weight. Absent the evidence of an abuse of discretion by· the trial court, a sentence may not be altered upon review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882.) In the instant case, the trial court was faced with the task of sentencing defendant for the offense of robbery in which he committed violence by knocking down his victim and dragging her on the ground in order to wrest her handbag from her. We find no abuse of discretion by the trial court in the sentence imposed.

For the reasons herein stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DIERINGER and ROMITI, JJ., concur.