THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee-Respondent, v. MARK TONKIN, Defendant-Appellant-Petitioner.

Third District Nos. 3—84—0756, 3—85—0314 cons.

Opinion filed April 24, 1986.

HEIPLE, J., dissenting.

Robert Agostinelli and Pamela Peters, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Howard Wertz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendant, Mark Tonkin, was convicted of the offense of rape and sentenced to eight years in the penitentiary. He appealed his conviction, our number 3—84—0756. While his appeal from the conviction was pending, he filed a post-conviction petition, which was subsequently amended. A hearing was held on the petition. We delayed determination of the appeal until the conclusion of the post-conviction proceeding. His prayer for relief was denied. He also appeals that order, our number 3—85—0314. We have consolidated these appeals for disposition. We reverse and remand for a new trial.

In this appeal, defendant raises two issues raised directly in his post-conviction proceeding. He does not challenge the sufficiency of the evidence. For this reason, only those facts sufficient for determination of the issues will be related.

At trial, the evidence from both sides was similar in many respects. Defendant raised a consent defense. In that respect, the evi-

dence differed. The victim and the defendant were at the same bar in Peoria in the early morning of the incident. The victim, who was not with defendant that night, was looking for a friend in order to obtain a ride home. She eventually ended up in defendant's car voluntarily. She stated that he offered to drive her home; he, however, claimed she asked for the ride.

The victim lived west of Peoria, in Peoria County. Defendant lived in East Peoria, in Tazewell County. Defendant began driving toward his apartment. The victim testified that she did not realize they were going to East Peoria until they were crossing the bridge. Defendant refused her demands to turn the car around. He then grabbed her head and pulled her down on the seat next to him.

When they reached defendant's apartment, the victim tried to escape, but defendant caught her and took her into the apartment. Inside, she attempted to escape again. While running from him outside the apartment, she threw a glass that she was holding at him. It missed him, but hit a fence and broke. Defendant caught her again and took her back to the apartment. Back at the apartment, the two had intercourse on the couch.

Defendant then took her home. She stated that she tried to escape or attract attention to them. Her attempts failed. When they arrived at her home, she invited him in. She awakened her boyfriend and told him she was raped. Defendant had left.

Defendant stated that she was intoxicated. On the way to his apartment, she lay down, put her head in his lap, and passed out. She never tried to escape. They had intercourse twice, once on the couch and once on the bed. On the way out of the apartment, the victim did throw a glass, but not at him. She threw it just to get rid of it.

The victim had started talking about her family and her boyfriend. She became upset. When they arrived at her house, she invited him in. He heard her talking to another man and decided to leave.

Defendant was convicted by a jury. He was sentenced to eight years.

■ The first issue we shall consider is the State's failure to disclose to defendant the fact that the victim had three prior felony convictions for forgery. Under Supreme Court Rule 412, the prosecutor has a duty to disclose "any record of prior criminal convictions, which may be used for impeachment, of persons whom the State intends to call as witnesses at the hearing or trial." (87 Ill. 2d R. 412(a)(vi).) This is the codification of the requirements of due process under *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194. See *United States v. Bagley* (1985), 473 U.S. 667, 87 L. Ed. 2d 481, 105 S.

Ct. 3375.

Noncompliance with the State's continuing duty to disclose its witnesses' criminal records is excused only where, through the exercise of due diligence, the prosecutor did not know and could not have known the existence of the record. (*People v. Stokes* (1984), 121 Ill. App. 3d 72, 459 N.E.2d 989.) The prosecutor in the present case stated that he only checked the records in the Tazewell County State's Attorney's office. The prosecution did not check the records of the county of residence of the victim, the adjoining County of Peoria. Other cases have found this not to be sufficient to constitute due diligence. We agree.

In *Stokes*, the prosecutor's failing to check with the local police or other State authorities was insufficient. In *People v. Pearson* (1981), 102 Ill. App. 3d 732, 430 N.E.2d 304, the State claimed that checking the records on 70 witnesses placed an excessive burden on the prosecutor. The court found "[t]he State could have easily requested current Bureau of Identification sheets on [its] witnesses." (102 Ill. App. 3d 732, 735.) In *People v. Bingham* (1979), 75 Ill. App. 3d 418, 394 N.E.2d 430, the court rejected the argument that the State was under no obligation to provide any prior criminal record which it had not ordered from the appropriate law-enforcement agency.

■ In the present case, however, the State argues that its duties were excused due to the failure of defendant to submit a written discovery request. The State, however, has waived this point. At defendant's arraignment, the prosecutor and defense counsel orally agreed to, and the court ordered, reciprocal discovery under the supreme court rules. This was the usual course of dealing in Tazewell County criminal practice. The obvious reason for this practice is for the ease of the parties and the saving of paperwork. For the State to now argue that a written discovery request was necessary in spite of its oral agreement to full discovery is patently unfair to defendant. For us to allow or adopt that argument would provide a convenient safety net for the prosecutor whose efforts fell below the constitutional requirements.

■ In cases where a violation of discovery rules has occurred, the defendant must show that he suffered prejudice as a result. (*People v. Stokes* (1984), 121 Ill. App. 3d 72, 459 N.E.2d 989.) The essential elements of the State's case were contained only in the testimony of the victim. Her testimony was not cumulative. Defendant was entitled to apprise the jury of the relevant fact of the victim's felony convictions for forgery. Because the credibility of the witness was the key element in this case, defendant suffered prejudice.

Instead of analyzing the issue under the "harmless error" approach, the State suggests that we use the recently enunciated standard in *United States v. Bagley* (1985), 473 U.S. 667, 87 L. Ed. 2d 481, 105 S. Ct. 3375. There, the court adopted the standard of it being reasonably probable that the result of the proceeding would have been different had the information been disclosed. A reasonable probability was defined as "a probability sufficient to undermine confidence in the outcome." (473 U.S. 667, 682, 87 L. Ed. 2d 481, 494, 105 S. Ct. 3375, 3384.) We choose not to do so as our supreme court has applied the "harmless beyond a reasonable doubt" analysis to an alleged discovery violation in *People v. Weaver* (1982), 92 Ill. 2d 545.

■ The discovery violation in the present case was not harmless beyond a reasonable doubt. It is very conceivable that a jury, upon hearing of the victim's convictions, may have acquitted defendant. However, as the facts before us are in conflict, and resolution of the conflicts could only be made by a trier of fact, defendant's retrial would not be barred under double jeopardy grounds. *People v. Stokes* (1984), 121 Ill. App. 3d 72, 459 N.E.2d 989.

Because of our decision in favor of defendant on the first issue, we decline to determine whether defendant's representation at trial was effective.

For the foregoing reasons, the order of the circuit court of Tazewell County denying defendant's post-conviction petition is hereby reversed. Defendant's conviction is also reversed. The cause is remanded for a new trial.

Reversed and remanded.

BARRY, J., concurs.

JUSTICE HEIPLE dissenting:
Defendant claims on appeal that his conviction for rape should be reversed because the prosecution did not disclose the victim's prior criminal record. In pretrial proceedings, counsel orally agreed to disclosure in accordance with the rules of discovery. The victim's convictions in a different county for forgery were not known to the Tazewell County State's Attorney and, hence, not disclosed by him. It is the failure to uncover and disclose this information which underlies the majority's decision to reverse the defendant's conviction.

The majority relies in principal part on the holding in *People v. Stokes* (1984), 121 Ill. App. 3d 72. The *Stokes* court interprets the duty to disclose criminal records of witnesses as follows:

"Supreme Court Rule 412 (87 Ill. 2d R. 412) creates an affirmative continuing duty on the State to disclose the criminal records of its witnesses to the accused. [Citations.] Noncompliance with that obligation is excused only where the prosecution did not know, and could not, through the exercise of due diligence have become aware of the matter in question. [Citation.]" 121 Ill. App. 3d 72, 75.

This is an overstatement of the State's duty to disclose. Rule 412(a) provides, in relevant part:

"*** the State shall *** disclose to defense counsel the following material and information within its possession or control:

* * *

(vi) any record of prior criminal convictions *** of persons whom the State intends to call as witnesses at the hearing or trial." 87 Ill. 2d R. 412(a).

Clearly, without more, Rule 412(a)(vi) was not violated by the prosecutor here. All that this rule provides is for a turnover of material within the prosecutor's file.

The due diligence aspect of *Stokes* must have its foundation in Rule 412(g), which provides:

"(g) Upon defense counsel's request and designation of material or information which would be discoverable if in the possession or control of the State, and which is in the possession or control of other governmental personnel, the State shall use diligent good faith efforts to cause such material to be made available to defense counsel; and if the State's efforts are unsuccessful and such material or other governmental personnel are subject to the jurisdiction of the court, then court shall issue suitable subpoenas or orders to cause such material to be made available to defense counsel." (87 Ill. 2d R. 412(g).)

The import of this rule is clear. If there is some material or information which neither the defense nor the prosecution has within its possession or control and which the defense desires, counsel may specifically request such information or material and cause the prosecution to use diligent good-faith efforts to produce same.

The committee comments to Rule 412(g) support such a construction. To wit:

"*** Since the State's obligations are not limited to revealing only what happens to come within its possession or control, it is expected that the State will attempt to obtain material not within its possession but of which it has knowledge. Accord-

ingly, this paragraph is primarily concerned with material of which the State does not have knowledge but on which defense counsel is aware; and therefore the burden is upon defense counsel to make the request and to designate the material or information which he wishes to inspect. This paragraph avoids placing the burden on the prosecutor, in the first instance, of canvassing all government agencies which might conceivably possess information relevant to the defendant ***." 87 Ill. 2d R. 412, Committee Comments, at 433.

While the instant situation is not on all fours with the situation envisioned in the comments, as defense counsel was not aware of the victim's criminal record, it is nonetheless apparent that the prosecutor's duty to seek out information beyond his possession and control was not triggered. Here, the essence of the agreement between counsel was to turn over everything in the prosecutor's file which would be discoverable under the rules. The searching of Tazewell County criminal records was in accordance with the agreement, as those records are necessarily within the Tazewell County State's Attorney's possession and control. However, under Rule 412(g), it was defense counsel's duty to make a specific request for discoverable information not already within the prosecutor's possession or control. It is clear that no such request was made.

Furthermore, as a matter of practicality, no duty to obtain material from foreign sources should arise as a matter of course. The rules of discovery were not intended to cast the prosecutor in the role of investigator for the defendant. If the prosecutor knows or should know that a witness has a criminal background, he is obligated to disclose it. If he does not know of such a record, his only obligation is to respond to specific requests from defense counsel to use his position to obtain such information. The request made here, if it can be called that, hardly rises to the level of a request as contemplated by the first sentence of Rule 412(g).

Accordingly, I dissent.