THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. DERRICK REDMOND, Petitioner-Appellant.

First District (5th Division)   No. 84—2964

Opinion filed July 11, 1986.

Andrew A. Schneiderman, of Sternberg & Associates, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and Marla G. Clamage, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal from a circuit court order dismissing petitioner Derrick Redmond's petition for post-conviction relief. After a bench trial, petitioner was convicted of murder and armed violence and was subsequently sentenced to concurrent terms of 25 years on each count. Petitioner appealed these convictions, whereupon this court entered an order, pursuant to Supreme Court Rule 23, vacating the conviction and sentence for armed violence but affirming the murder conviction. *People v. Redmond* (1984), 127 Ill. App. 3d 1162.

While his appeal was pending, petitioner filed a post-conviction petition alleging that his constitutional rights had been violated during his trial by the State's failure to disclose the juvenile and criminal records of Robert Boyce, the State's sole identification witness, despite petitioner's pretrial discovery request. Petitioner argues that the court in the post-conviction proceeding erred in denying him an evidentiary hearing on his constitutional assertions. Petitioner's constitutional argument is based on the following facts.

On November 23, 1982, petitioner filed a pretrial disclosure request which stated in part: "9. Prior criminal and/or juvenile records of State's witnesses to be used for impeachment." A request was also made for any pending criminal or civil actions involving the State against its witnesses or any such actions pending during the prosecution of petitioner. The State responded to these requests by stating, "9. Criminal convictions of persons that may be called as witnesses by the People or criminal charges pending against such persons: None known to the People." The State's answer also contained a list of potential witnesses that included seven persons, including Boyce, from defendant's neighborhood, two doctors, two assistant State's Attorneys, and 23 police officers.

In actuality, approximately one month earlier on October 25, 1982, Boyce, who was then 17, had been charged with theft and possession of a stolen vehicle. On November 5, he was charged with contributing to the sexual delinquency of a minor, and he was charged with unlawful use of a weapon and theft on November 9. On that same date, a bond-forfeiture warrant was issued for Boyce's arrest because of his failure to appear in court. Furthermore, it appears from the record that Boyce was on two years' probation resulting from an adjudication of delinquency for an aggravated-battery charge. Although the only documentation regarding the probation is an adjudication-of-wardship petition in the file, defense counsel states in the post-conviction petition that Boyce was sentenced to two years' probation by a Cook County circuit court on August 19, 1981, and that the court record indicates that an assistant State's Attorney was present at the hearing. The State does not deny that Boyce was on probation but asserts that there is no proof in the record of such a fact. Additionally, on January 11, 1983, 13 days before petitioner's trial, Boyce was arrested and charged with armed robbery, aggravated battery, unlawful restraint, and armed violence. The State did not update its discovery answer to reveal this latter arrest. On January 23, 1982, Boyce pleaded guilty to a reduced charge of robbery after a jury waiver, and the court imposed a three-year sentence as recommended by the State.

There were actually three post-conviction hearings held, during which oral arguments were given. Since the court did not have a complete record, a second hearing, followed by a reconsideration hearing, was held. Attached to petitioner's petition were several exhibits, including a copy of Boyce's arrest record and an affidavit by Rodney Jackson, dated February 24, 1984, that stated that Boyce shot him in December 1980. Petitioner stated that, subsequent to his conviction,

he learned of Boyce's criminal record from the affiant, Jackson. Petitioner alleged that the fact that Boyce was on probation and facing criminal charges was information crucial to petitioner's ability to adequately defend himself, and lack of such information prejudiced him at trial. This is especially true in view of Boyce's reluctant and inconsistent testimony that was contradicted by other witnesses, including one who testified that Boyce was the assailant.

The State moved to dismiss the petition. The court denied petitioner's request for an evidentiary hearing and dismissed the petition. This decision apparently was based on the court's determination that petitioner's discovery request was a broad general request concerning a list of 25 to 30 potential State witnesses and was no more specific than the type of general request tendered in most criminal cases. Under these facts, the court concluded that the State had no constitutional duty to disclose the juvenile records of all of its potential witnesses, especially where the defense did not call the court's attention, during trial, to the importance of the request as it pertained to a crucial State witness.

This court finds that petitioner should have been given an evidentiary hearing for the following reasons.

■■ ■ The Post-Conviction Hearing Act was designed to provide a remedy for violation of substantial constitutional rights at trial. (Ill. Rev. Stat. 1983, ch. 38, par. 122—1; *People v. Cihlar* (1986), 111 Ill. 2d 212, 216, 489 N.E.2d 859, 861.) To establish a constitutional violation, petitioner must show that there was action by the State inconsistent with fundamental principles of liberty and justice that reflect the community's sense of fair play and decency. (*People v. Cornille* (1983), 95 Ill. 2d 497, 508, 448 N.E.2d 857, 863.) Furthermore, in reviewing the dismissal of a post-conviction petition, the appellate court must determine whether petitioner has alleged sufficient facts to require an evidentiary hearing. In so doing, the court must look to allegations contained in the petition, construed liberally in favor of petitioner, and as set forth in light of the record and transcript. (*People v. Wise* (1975), 26 Ill. App. 3d 158, 160, 331 N.E.2d 302, 304.) It is not the intention or purpose of the Act that constitutional claims be adjudicated on the pleadings; the function of post-conviction pleadings is to determine whether the petition is entitled to a hearing. (*People v. Clements* (1967), 38 Ill. 2d 213, 216, 230 N.E.2d 185, 187.) Guided by these standards, this court must examine the trial record and the post-conviction transcript with attached exhibits in order to determine whether there were facts asserted sufficient to require an evidentiary hearing on petitioner's constitutional claim.

■■ ▌In the post-conviction petition, it was alleged that the State violated Supreme Court Rules 412(a)(vi) and 415(b) (87 Ill. 2d Rules 412(a)(vi), 415(b)), which impose on the State a continuing duty to disclose relevant criminal records of its witnesses against the accused. (*People v. Stokes* (1984), 121 Ill. App. 3d 72, 75, 459 N.E.2d 989, 991.) This is the codification of the requirements of due process under *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194. (*People v. Tonkin* (1986), 142 Ill. App. 3d 802, 804, 492 N.E.2d 596, 597; see also *United States v. Bagley* (1985), 473 U.S. 667, 87 L. Ed. 2d 481, 105 S. Ct. 3375.) Noncompliance with this obligation is excused only where the prosecution did not know, and could not, through the exercise of due diligence, have become aware of the matter in question. (*People v. Eliason* (1983), 117 Ill. App. 3d 683, 693, 453 N.E.2d 908, 913.) Moreover, an adjudication of delinquency, probationary status, and pending criminal charges are admissible at trial for impeachment (see *Davis v. Alaska* (1974), 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105; *People v. Norwood* (1973), 54 Ill. 2d 253, 296 N.E.2d 852), and impeachment evidence falls within the *Brady* rule (*Giglio v. United States* (1972), 405 U.S. 150, 154, 31 L. Ed. 2d 104, 108, 92 S. Ct. 763, 766). And, it has been noted that whenever the prosecution fails, in response to a request, to disclose impeachment evidence relating to the credibility of its key witnesses, the truth-finding process of trial is necessarily distorted. See *Giglio v. United States* (1972), 405 U.S. 150, 154, 31 L. Ed. 2d 104, 108, 92 S. Ct. 763, 766; *Napue v. Illinois* (1959), 360 U.S. 264, 3 L. Ed. 2d 1217, 79 S. Ct. 1173.

In the pending case, the State made a motion to dismiss the post-conviction petition, which motion admits the truth of petitioner's allegations and questions only their sufficiency. (*People v. Brumas* (1986), 142 Ill. App. 3d 178, 180, 491 N.E.2d 773, 775.) Therefore, we must assume, for the purpose of this appeal, that Boyce was on probation at the time of the trial. It is also apparent that Boyce had an extensive and sometimes violent juvenile record. In fact, he was arrested four times and charged on nine different counts in the three months preceding petitioner's trial. The petition also alleged that assistant State's Attorneys were present when Boyce was adjudicated delinquent and given probation. Additionally, the State's Attorney's office allegedly was involved in the proceedings that eventually resulted in the charges of armed robbery, aggravated battery, unlawful restraint, and armed violence being reduced to a robbery conviction upon Boyce's plea of guilty. Petitioner contends that the prosecution is charged with the knowledge of its agents, including the police (*People v. Mar-*

*tin* (1970), 46 Ill. 2d 565, 567, 264 N.E.2d 147, 148), and thus, violated the discovery rules.

The circuit court dismissed the petition on the basis that the defense discovery request was general, not specific, and that it placed too great a burden on the State to produce criminal and juvenile records of its witnesses. Such reasoning has been found insufficient to show due diligence on the part of the State where, as here, a defendant's conviction rested on the testimony of a key witness. See *People v. Tonkin* (1986), 142 Ill. App. 3d 802, 805, 492 N.E.2d 596, 598.

■ The above principles of law establish that the State did have a duty to disclose Boyce's criminal and juvenile records in response to a defense request. The question of fact which then arises is whether the State exercised due diligence in obtaining the requested information about its key witness. If not, it will then be necessary to determine whether petitioner was prejudiced by the nondisclosure so as to deprive him of a fundamentally fair trial governed by the principles enunciated in such cases as *United States v. Bagley* (1985), 473 U.S. 667, 87 L. Ed. 2d 481, 105 S. Ct. 3375, and *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194.

This is not a case where other evidence amply established petitioner's guilt. Here, petitioner's conviction rested primarily on Boyce's reluctant identification testimony. The entire case depended on credibility of the witnesses whose testimony was conflicting, and in many instances, inconsistent. In fact, one witness stated that Boyce himself was the assailant. Under these circumstances, it is apparent that the potentiality exists that the defense was denied information necessary for an effective cross-examination of Boyce. We further note that this issue is not barred by *res judicata* since petitioner allegedly had no knowledge of the nondisclosed facts until after both his trial and subsequent appeal of his conviction.

Accordingly, the circuit court's denial of an evidentiary hearing was improper. A hearing is necessary to resolve the issues of the State's diligence or nondiligence and the possibility of any resultant prejudice to petitioner. The cause is remanded for an evidentiary hearing on these matters.

Reversed and remanded.

SULLIVAN, P.J., and LORENZ, J., concur.