THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. MICHAEL PITTMAN, Petitioner-Appellant.

First District (3rd Division)   No. 1—87—2028

Opinion filed December 27, 1989.

944

Randolph N. Stone, Public Defender, of Chicago (Alvin A. Stokes, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Kenneth T. McCurry, and Mark A. Shlifka, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Petitioner, Michael Pittman, appeals from the dismissal of his petition for post-conviction relief. The petition, which was dismissed without an evidentiary hearing, was based on the allegation of ineffective assistance of counsel at trial. On appeal, petitioner contends that dismissal was improper because conflicting affidavits presented a factual dispute which could only be resolved by an evidentiary hearing. We affirm.

Following a bench trial in the circuit court of Cook County, petitioner was convicted of robbery and was sentenced to a term of three to nine years' imprisonment in the Illinois Department of Corrections. Petitioner appealed his conviction, whereupon this court affirmed. (*People v. Pittman* (1978), 62 Ill. App. 3d 295, 379 N.E.2d 112.) Subsequently, petitioner filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122–1 *et seq.*) at which time counsel was appointed on his behalf.

In his petition, petitioner alleged that his constitutional rights had been violated due to ineffective assistance of counsel at trial. Specifically, petitioner claimed that at trial he was identified as the perpetrator in a robbery which occurred on August 29, 1976. According to him, on the date of the robbery, he was incarcerated in the Illinois Department of Corrections, Youth Division, and therefore, he could not have been the perpetrator. Petitioner informed his privately retained attorney of this fact. However, defense counsel neither conducted an investigation, nor did he raise it as an alibi defense at trial. Petitioner maintains that defense counsel's conduct prejudiced his case and that, but for this prejudicial conduct, he would not have been convicted.

The petition, though accompanied by petitioner's affidavit attesting its truth, was unsupported by any other affidavits. The State filed a motion to dismiss the petition. Petitioner's trial attorney, who had also represented him on appeal, filed an affidavit in which he stated that he had not known of defendant's alibi defense until the filing of the post-conviction petition, and had he known, he would have conducted an investigation. A certificate of compliance with Supreme

946

Court Rule 651(c) (107 Ill. 2d R. 651(c)) appears in the record. An assistant public defender filed an affidavit of a court reporter which stated that he was unable to locate the stenographic notes for two of the four dates of defendant's robbery trial. Additionally, an affidavit was filed on behalf of the clerk of the circuit court which stated that only a portion of the appellate court record could be located.

On June 24, 1987, the trial court conducted a hearing on the petition. Petitioner's court-appointed attorney stated that there were no amendments to the petition. The trial court granted the State's motion to dismiss. Petitioner now appeals, contending that the trial court was required to conduct an evidentiary hearing to resolve the factual dispute presented by the conflicting affidavits.

■■ ■ The Post-Conviction Hearing Act provides a remedy for violation of substantial constitutional rights at trial. (Ill. Rev. Stat. 1985, ch. 38, par. 122—1; *People v. Cihlar* (1986), 111 Ill. 2d 212, 216, 489 N.E.2d 859.) In order to require a hearing, the petitioner must substantially show that there was a violation of a constitutional right. (*People v. Silagy*(1987), 116 Ill. 2d 357, 365, 507 N.E.2d 830, *cert. denied* (1987), 484 U.S. 873, 98 L. Ed. 2d 163, 108 S. Ct. 212; *People v. Arbuckle* (1969), 42 Ill. 2d 177, 246 N.E.2d 240; *People v. Carrion* (1974), 21 Ill. App. 3d 195, 315 N.E.2d 251.) Such a showing must be based on factual allegations rather than conclusory statements. (*People v. Hysell* (1971), 48 Ill. 2d 522, 527, 272 N.E.2d 38.) A petitioner is not entitled to an evidentiary hearing on his petition as a matter of right. (*People v. Albanese* (1988), 125 Ill. 2d 100, 115, 531 N.E.2d 17, *cert. denied* (1989), 490 U.S. 1075, 104 L. Ed. 2d 652, 109 S. Ct. 2088; *People v. Ford* (1981), 99 Ill. App. 3d 973, 426 N.E.2d 340.) Rather, it is the function of the post-conviction pleadings to determine whether the petition is entitled to a hearing. (*People v. Clements* (1967), 38 Ill. 2d 213, 216, 230 N.E.2d 185.) Where the trial court determines that the allegations of the petition are sufficient to require a hearing, the petitioner must be afforded an opportunity to prove his allegations. (*People v. Airmers* (1966), 34 Ill. 2d 222, 226, 215 N.E.2d 225.) On review of dismissal of a petition, an appellate court must determine whether petitioner has alleged sufficient facts to require an evidentiary hearing. (*People v. Redmond* (1986), 146 Ill. App. 3d 259, 262, 496 N.E.2d 1041.) In making that determination this court must necessarily look to allegations contained in the petition, construed liberally in favor of petitioner and as set forth in light of the record and transcript. *People v. Wise* (1975), 26 Ill. App. 3d 158, 160, 331 N.E.2d 302.

■ Petitioner first argues that the fact that a counteraffidavit

was filed was an improper basis for dismissing the petition. Our review of the transcript reveals that the trial court, in dismissing the petition, stated that petitioner had failed to meet his burden to sustain the allegations in the petition. Clearly, the court's basis for dismissal was not merely that a counteraffidavit had been filed.

■ Petitioner next argues that the fact that a counteraffidavit was submitted makes it clear that a factual dispute exists, and therefore, an evidentiary hearing was required. He relies on *People v. Wegner* (1968), 40 Ill. 2d 28, 237 N.E.2d 486, and *People v. Brumas* (1986), 142 Ill. App. 3d 178, 491 N.E.2d 773, as support. The state argues that the petition was properly dismissed because the counteraffidavit clearly and unequivocally refuted petitioner's allegations. We reject the State's reasoning. Our supreme court has held that a motion to dismiss a post-conviction petition assumes the truth of allegations to which it is directed and questions only their legal sufficiency. *People v. Wilson* (1968), 39 Ill. 2d 275, 277, 235 N.E.2d 561.

The State correctly distinguishes *Wegner* on the basis that the defendant's petition in that case was accompanied by an affidavit from the defendant's mother. However, this distinguishing factor carries little weight to defeat petitioner's argument in favor of an evidentiary hearing. We note that the *Wegner* court relied on an earlier case, *People v. Sigafus* (1968), 39 Ill. 2d 68, 233 N.E.2d 386, wherein the petitioner presented no supporting affidavit. In *Sigafus*, the court stated:

> "The conflicting representations of the petitioner and the prosecutor created a factual issue as to the claimed occurrence upon which the record casts no helpful light. When a claim of substantial constitutional denial is based on assertions beyond the record it is contemplated by the Post-Conviction Hearing Act that evidence be taken. (See *People v. Airmers*, 34 Ill. 2d 222, 226.) Here, no evidentiary hearing was held. None of the three persons who allegedly formed the bargain pursuant to the claimed promise were called to testify nor were present at the proceedings had on the petition.
>
> * * *
>
> * * * We deem that this allegation can be determined to be truthful or otherwise only through an evidentiary hearing, at which the petitioner, the prosecutor and petitioner's trial counsel can give testimony." (39 Ill. 2d at 70-71.)

Like in *Sigafus*, the *Wegner* court held that the conflicting representations of the petitioner and the prosecutor created a factual issue, and that the truth or falsity of the allegation could only be determined

through an evidentiary hearing. (*Wegner*, 40 Ill. 2d at 31-32.) At the hearing the credibility of the testimony could be weighed by the trial judge. (*Wegner*, 40 Ill. 2d at 32.) Similarly, in *Brumas*, the trial judge was confronted with defendant's affidavit containing allegations of ineffective assistance of counsel, and the State's motion to dismiss, which was supported by affidavits of defendant's trial attorneys and an undercover agent alleging facts in contradiction to the defendant's affidavit. (*Brumas*, 142 Ill. App. 3d 178.) The trial court dismissed the post-conviction petition without an evidentiary hearing. On review, the appellate court held that the affidavits filed by the parties presented a factual conflict which required an evidentiary hearing. *Brumas*, 142 Ill. App. 3d 178.

Moreover, in *People v. Washington* (1967), 38 Ill. 2d 446, 451, 232 N.E.2d 738, in addressing the issue of whether the right to an evidentiary hearing was precluded by the fact that the petition was not accompanied by the required supporting affidavits, the supreme court held that the petition itself was a sworn statement by the accused, and that in the absence of anything in the record disputing the allegations, he was entitled to a hearing to determine their truth or falsity. Finally, in *People v. Williams* (1970), 47 Ill. 2d 1, 4, 264 N.E.2d 697, the petitioner alleged that his constitutional rights had been violated because of misrepresentations which had been made to him by his attorney. The State contended that the petition was insufficient to entitle the petitioner to a hearing because it was not accompanied by supporting affidavits. The court, in rejecting the State's argument, stated that the only affidavit that the petitioner could possibly have furnished, other than his own sworn statement, would have been that of his attorney who allegedly made the misrepresentation to him, and that the difficulty in obtaining such an affidavit was self-apparent. The court noted that to so strictly construe the Post-Conviction Hearing Act as to require, in that case, an accompanying affidavit would be to defeat the purpose of the Act by denying the petitioner a hearing on the factual issues raised by the pleadings. However, the court cautioned that it did not, in any case, intend to lessen the duty of the petitioners to make a substantial showing of a violation. "[T]he allegations of mere conclusions to that effect under oath will not suffice." (*Williams*, 47 Ill. 2d at 4. See also *People v. Nesbitt* (1972), 5 Ill. App. 3d 123, 238 N.E.2d 294.) Thus, we must conclude that, as a general rule, an evidentiary hearing may be necessary to determine the truth or falsity of conflicting affidavits and the absence of supporting documentation will not necessarily doom the petition.

However, where the State moves to dismiss a post-conviction

petition, the court must necessarily focus upon the sufficiency of the allegations in the petition and any supporting documents. (*People v. Stepheny* (1970), 46 Ill. 2d 153, 157, 263 N.E.2d 83; *People v. Ortiz* (1974), 22 Ill. App. 3d 788, 317 N.E.2d 763.) If the allegations and supporting documents were true and would establish a constitutional violation, the trial court must hold a hearing to determine the actual facts. (*People v. Smith* (1985), 136 Ill. App. 3d 300, 303, 483 N.E.2d 655.) Nonmeritorious petitions may be dismissed without a hearing on the basis of what is contained in the petition and what is revealed in the record of the trial or other proceedings. *People v. Spicer* (1970), 47 Ill. 2d 114, 118, 264 N.E.2d 181.

We have examined some cases wherein the courts have found the petition to be legally insufficient to withstand a motion to dismiss. In *Smith* (136 Ill. App. 3d 300, 483 N.E.2d 655), the petitioner, in his post-conviction petition, alleged ineffective assistance of counsel. According to the petitioner, his attorney failed to call, as an alibi witness, his wife, whom petitioner was with at the time of the commission of the offense. Petitioner admitted that his attorney had explained his reason for not calling the wife. Petitioner failed to present any supporting documents showing the potential testimony of the alibi witness, and thus, the court held that the statements in his petition were insufficient to require an evidentiary hearing. (136 Ill. App. 3d at 303.) Similarly, in the case at bar, petitioner has failed to provide the court with any supporting documentation from either the Youth Division, or from persons with knowledge of his incarceration which would tend to support his allegation.

In *People v. Phillips* (1989), 183 Ill. App. 3d 417, 539 N.E.2d 804, the petitioner filed a petition and an accompanying affidavit in which he alleged ineffective assistance of counsel at the hearing on the entry of his guilty plea. Petitioner asserted that his attorney, the public defender, was inadequate because he was appointed for that hearing and consulted with the petitioner for only five minutes prior to the hearing. The trial court found the petitioner's affidavit to be insufficient in that it did not allege specific facts capable of rebutting the record of the plea hearing in which the petitioner indicated that he was satisfied with the investigation by the public defender. (*Phillips*, 183 Ill. App. 3d at 423.) While in the case at bar no record of the proceedings at trial is available to the court, we note that in the recitation of the facts contained in the appellate court decision (*Pittman*, 62 Ill. App. 3d at 297), there was positive testimony from a police officer who stated that he knew petitioner and that he had seen him a few days prior to the August 29 robbery. Further, the statements in the peti-

tion itself suggest the possibility that he might not have been confined at the Youth Division on the date of the robbery. According to the petition, petitioner was incarcerated from March 3, 1976, through September 1976. During that period, he was absent from the Youth Division from May 4, 1976, through May 27, 1976, and again on September 1, 1976. Like in *Phillips,* petitioner did not provide sufficient evidence capable of either rebutting the facts contained in the appellate court opinion or to defeat the inference in his petition that he might have been on leave from the Youth Division at the time of the robbery. Further, in light of the police officer's testimony, we find it incredible that information concerning petitioner's incarceration would not have been adduced at trial, and if it were not, we find it even more incredible that petitioner continued to have his privately retained attorney represent him on appeal.

■ Where the post-conviction petition and any supporting documents are legally sufficient to support the allegations in the petition, an evidentiary hearing would be required to resolve any factual disputes. Assuming, in the instant case, that the facts set out in the petition are true, we believe that petitioner has failed to present sufficient evidence in support thereof. The court properly dismissed the petition, despite the fact that there were conflicting affidavits.

For the foregoing reasons we affirm the order of the circuit court.

Affirmed.

RIZZI and CERDA, JJ., concur.