UNITED STATES of America ex rel.
Michael PITTMAN, Petitioner,

v.

Rodney J. AHITOW, Warden, Illinois
River Correctional Center,
Respondent.

No. 91 C 7771.

United States District Court,
N.D. Illinois,
E.D.

July 8, 1992.

---

Michael Pittman, pro se.

Marcia Friedl, Steven J. Zick, Asst. Atty. Gen., Chicago, IL, for respondent.

## MEMORANDUM OPINION
## AND ORDER

ASPEN, District Judge:

Petitioner Michael Pittman seeks a writ of habeas corpus under 28 U.S.C. § 2254. Respondent Rodney J. Ahitow, Warden, Illinois River Correctional Center, now moves to dismiss Pittman's petition for lack of jurisdiction. For the reasons set forth below, respondent's motion to dismiss is granted.

### I.

Following a bench trial in the Circuit Court of Cook County, Pittman was convicted of a robbery that occurred on August 29, 1976. On August 21, 1977, he was sentenced to a term of imprisonment for three to nine years. On direct appeal, Pittman argued that he was not proven guilty beyond a reasonable doubt and that his sentence was excessive. The appellate court affirmed. *People v. Pittman*, 62 Ill. App.3d 295, 19 Ill.Dec. 597, 379 N.E.2d 112 (1st Dist.1978). On May 12, 1986, Pittman, with the aid of appointed counsel, petitioned for post-conviction relief under the Post–Conviction Hearing Act, Ill.Rev.Stat. ch. 38, ¶ 122–1 *et seq.*, arguing that his trial counsel had provided ineffective assistance of counsel at trial by failing to develop a potential alibi. Without an evidentiary hearing to resolve conflicting factual accounts contained in various affidavits, the trial court denied relief. The appellate court affirmed. *People v. Pittman*, 192 Ill.App.3d 943, 140 Ill.Dec. 91, 549 N.E.2d 742 (1st Dist.1989). According to Pittman, a petition for leave to appeal to the Illinois Supreme Court was denied on April 4, 1990, 131 Ill.2d 564, 142 Ill.Dec. 886, 553 N.E.2d 400.

Pittman's conviction for robbery—the conviction he presently attacks—was discharged on February 11, 1983. He is currently an inmate of the Illinois River Correctional Center, serving a fifty-year sentence for an armed robbery committed on October 20, 1981. Nevertheless, in his current petition, Pittman seeks to attack the competency of the trial counsel who represented him on the prior robbery conviction.

Pittman argues that had his trial counsel been competent, petitioner would have been found innocent of the 1976 robbery and, as such, that prior conviction could not have been used in aggravation during sentencing for the latter armed-robbery conviction.

### II.

■ Whether this court possesses subject matter jurisdiction to entertain Pittman's current petition turns on an interpretation of the phrase "in custody." Section 2254(a) mandates that the district courts consider habeas petitions only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (1991). In *Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989), the Supreme Court addressed the issue of "whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." The Court held that he does not remain in custody and, as such, may not challenge directly the prior conviction. *Id.* Accordingly, as Pittman's sentence for the 1976–robbery conviction has fully expired, he may not challenge directly that conviction in a § 2254 petition.

■ However, as stated in *Crank v. Duckworth*, 905 F.2d 1090, 1091 (7th Cir. 1990), *cert. denied*, 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991), as a matter of comity, a prisoner may challenge his subsequent conviction and sentence under § 2254 on the grounds that the first conviction was used to augment the subsequent judgment. The prisoner bears the burden of establishing a " 'positive and demonstrable nexus between the current custody and the prior conviction.' " *Id.* at 1091 (citing *Lowery v. Young*, 887 F.2d 1309, 1312 (7th Cir.1989)). The court in *Crank* concluded that the petitioner had met this burden as he was sentenced under a recidivist statute to an additional 30 years, time the state could not have imposed but for the prior

conviction. *Id.* at 1091–92. In the present case, however, there is no evidence that Pittman's sentence for armed-robbery was similarly augmented by the prior robbery conviction. Pittman neither points to a recidivist statute nor an explicit statement by the sentencing judge that the subsequent sentence was augmented by the prior conviction. Rather, Pittman argues that the only explanation for the 50–year sentence is that the judge considered his prior criminal history. As stated in *Crank,* the requisite link "may be hard to show when the sentencing judge knows about the prior conviction but does not expressly augment the sentence on account of it." *Id.* Concluding that Pittman has failed to meet his burden, we will not construe his current petition as an attack on the subsequent armed-robbery conviction. Consequently, we dismiss Pittman's petition for a writ of habeas corpus.

### III.

For the reasons set forth above, this court lacks subject matter jurisdiction over Pittman's petition for habeas relief, and it is dismissed. It is so ordered.