27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael PITTMAN, Petitioner-Appellant,
v.
Rodney J. AHITOW, Respondent-Appellee.
 No. 92-3411.
 United States Court of Appeals, Seventh Circuit.
 Argued April 26, 1994.
Decided May 26, 1994.
 
 Before POSNER, Chief Judge, and ESCHBACH and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 Michael Pittman was convicted of armed robbery and sentenced in 1982 to 50 years' imprisonment. He believes that the state judge selected such a lengthy sentence in part because of a conviction in 1977 for robbery. He has filed this petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254, asking the district court to direct his resentencing without consideration of the 1977 conviction--which, Pittman believes, is constitutionally invalid because his lawyer provided ineffective assistance by neglecting to carry through on the investigation of an alibi.
 
 
 2
 The district court dismissed the petition for want of jurisdiction. One may use Sec. 2254 only to contest "custody," Maleng v. Cook, 490 U.S. 488 (1989), and Pittman is not "in custody" under the 1977 sentence, which expired long ago. He is in custody on the 1982 sentence and, although he attacks this sentence, the district court believed that he had not established that the 1977 conviction played a role in the selection of the 1982 sentence.
 
 
 3
 The district court's assessment of the relation between the 1977 conviction and the 1982 sentence may or may not be right, but it has nothing to do with jurisdiction. Pittman is in the custody of Illinois. He seeks release (at least the conditional writ that would produce resentencing) on the ground that custody violates the Constitution, and the respondent is his custodian. No more is required for jurisdiction. Fawcett v. Bablitch, 962 F.2d 617 (7th Cir.1991); Lowery v. McCaughtry, 954 F.2d 422 (7th Cir.1992); Clay v. Bronnenberg, 950 F.2d 486 (7th Cir.1991); Lowery v. Young, 887 F.2d 1309 (7th Cir.1989). In order to prevail Pittman would have to establish not only that the 1977 conviction is invalid but also that it influenced the 1982 sentence, Crank v. Duckworth, 905 F.2d 1090, 1091-92 (7th Cir.1990), but causation differs from jurisdiction. Consider a prisoner who contends that hearsay received during the trial violated his sixth amendment right to confront the witnesses against him. A judge might believe that the evidence played no role in the conviction and deny the petition on that basis, cf. Brecht v. Abrahamson, 113 S.Ct. 1710 (1993), but this would not call into question the jurisdiction of the court. Just so here. Pittman is in custody and invokes Sec. 2254 in an effort to reduce its duration. His claim is within federal jurisdiction.
 
 
 4
 Developments since the district court's decision avoid any need to explore the merits of the claim, however. We held in Smith v. Farley, No. 92-1299 (7th Cir. May 13, 1994), that if the state has afforded its prisoner opportunity to wage a collateral attack on the prior conviction used to enhance the current sentence, a federal court will not cover the same ground under Sec. 2254. Illinois entertained, and rejected on the merits, Pittman's challenge to his 1977 conviction, first on direct appeal and then on collateral attack. People v. Pittman, 62 Ill.App.3d 295, 379 N.E.2d 112 (1st Dist.1978); People v. Pittman, 192 Ill.App.3d 943, 549 N.E.2d 742 (1st Dist.1989). The latter opinion considers and rejects the argument that Pittman received ineffective assistance of counsel. Smith accordingly precludes further review.
 
 
 5
 The judgment of the district court is vacated, and the case is remanded with instructions to dismiss the petition on the merits.